Michael K. Friedland (SBN 157,217)
Michael.Friedland@knobbe.com
Lauren Keller Katzenellenbogen (SBN 223,370)
Lauren.Keller@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
Phone:      (949) 760-0404
Fax:         (949) 760-9502

Sarah I. Cohen (SBN 257161)
scohen@lgtrademark.com
Darren M. Geliebter (*pro hac vice* pending)
Eric J. Huang (*pro hac vice* pending)
LOMBARD & GELIEBTER LLP
230 Park Avenue, 4th Floor West
New York, NY 10169
Phone:      (212) 520-1172
Fax:         (646) 349-5567

Attorneys for Defendants /Third-Party Plaintiffs
**John Zox, Daniel Zox, and Andrew Zox**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOX LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JOHN ZOX, an individual, DANIEL ZOX, an individual, and ANDREW ZOX, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-01609<br><br>**DEFENDANTS' THIRD-PARTY COMPLAINT**<br><br>**1.    Unfair Competition and False Designation of Origin**<br>**2.    Cancellation for Non-Use**<br>**3.    Cancellation for Fraud on U.S. Patent & Trademark Office**<br>**4.    Rectification of the Trademark Register**<br>**5.    CA Unfair Competition** |

| | |
|---|---|
| JOHN ZOX, an individual, DANIEL ZOX, an individual, and ANDREW ZOX, Third-Party Plaintiffs,<br><br>v.<br><br>JASON KUIPERS, an individual, BRANDON KUIPERS, an individual, and JORDAN KUIPERS, an individual<br><br>Third-Party Defendants | **6.   Common Law Trademark Infringement**<br>**7.   Deprivation of Rights of Publicity**<br>**8.   Violation of Rights of Publicity**<br>**9.   Declaratory Judgment of Non-Infringement**<br>**10.   Declaratory Judgment of Invalid Assignment**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants and Third-Party Plaintiffs, John Zox, Daniel Zox, and Andrew Zox (collectively, "the Zox Brothers"), by its attorneys, allege as follows:

## INTRODUCTION

1.      The Zox Brothers are entrepreneurs who each started their own businesses in music, film, and media and have earned widespread recognition and commercial success over the course of two decades.  The Zox Brothers have invested substantial time and money in building the ZOX brand.

## THE PARTIES

2.      On information and belief, ZOX LLC is a California limited liability company having its principal place of business at 5304 Derry Avenue Suite G, Agoura Hills, California 91301, within the City and County of Los Angeles in the State of California.

3.      On information and belief, Jason Kuipers is an individual who resides in Austin, Texas and is co-founder, chief executive officer, and principal of ZOX LLC, and therefore has the right and ability to control the actions of ZOX LLC. At all relevant times, Mr. Kuipers was and currently is CEO and principal of ZOX LLC, had a leadership role at ZOX LLC, oversaw and managed the staff of ZOX LLC, made key decisions regarding the direction of ZOX LLC, including business development, strategic planning, and sales operations, and directed ZOX LLC's sale of infringing products.

4.      On information and belief, Brandon Kuipers is an individual who resides in Austin, Texas and in Woodland Hills, California and is co-founder, chief marketing officer, and principal of ZOX LLC, and therefore has the right and ability to control the actions of ZOX LLC.  At all relevant times, Mr. Kuipers was and currently is CMO and principal of ZOX LLC, had a leadership role at ZOX LLC, oversaw and managed the staff of ZOX LLC, made key decisions regarding the direction of ZOX LLC, including business development, strategic planning, and sales operations, and directed ZOX LLC's sale of infringing products.

5.      On information and belief, Jordan Kuipers is an individual who resides in Woodland Hills, California and is co-founder and principal of ZOX LLC, and therefore has the right and ability to control the actions of ZOX LLC. At all relevant times, Mr. Kuipers

1  was and currently is a principal of ZOX LLC, had a leadership role at ZOX LLC, oversaw

2  and managed the staff of ZOX LLC, made key decisions regarding the direction of ZOX

3  LLC, including business development, strategic planning, and sales operations, and directed

4  ZOX LLC's sale of infringing products.

5        6.     John Zox is an individual who resides in New York, New York.

6        7.     Daniel Zox is an individual who resides in Santa Monica, California.

7        8.     Andrew Zox is an individual who resides in Los Angeles, California.

8  **JURISDICTION AND VENUE**

9        9.     This court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28

10  U.S.C. § 1331, 28 U.S.C. § 1338 (a) and (b), and 28 and 28 U.S.C. § 2201. This court has

11  supplemental jurisdiction over the Zox Brothers' non-federal claims under 28 U.S.C. § 1367

12  in that those claims are so related to the Zox Brothers' federal claims that they form part of

13  the same case or controversy.

14        10.    This Court has personal jurisdiction over ZOX LLC because, among other

15  reasons, it is incorporated in, and has its principal place of business in, this district, regularly

16  transacts business within California, and has consented to the personal jurisdiction of this

17  Court by initiating this action.

18        11.    This Court has personal jurisdiction over Jason Kuipers and Jordan Kuipers

19  because, among other reasons, they reside in this district and regularly transact business

20  within California, and committed the acts complained of herein in this district.

21        12.    This Court has personal jurisdiction over Brandon Kuipers because he regularly

22  transacts business within California, and committed the acts complained of herein in this

23  district.

24        13.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because this

25  is the judicial district where (i) a substantial part of the events or omissions giving rise to the

26  claims occurred; and (ii) where ZOX LLC and the Kuipers Brothers reside and/or conduct

27  business.

28  / / /

# FACTUAL BACKGROUND

### *The Zox Brothers and Their ZOX Marks*

14.    The Zox Brothers have a combined multiple decades of experience in music, film, and media. John Zox is a member of the nationally recognized Providence, Rhode Island based indie band ZOX, which was founded in 1998. Andrew Zox and Daniel Zox are independent filmmakers and operate production companies under the Zox Films and Zox Project monikers since 2006.

15.    The Zox Brothers also own the right, title and interest in the mark ZOX for a variety of goods and services, the applications and registration for which are indicated below (collectively, the "ZOX Marks"):

/ / /

/ / /

/ / /

/ / /

3

| MARK and OWNERS | REG. NO. | GOODS | CLASS | FIRST USE | FILING DATE | REG. DATE |
|---|---|---|---|---|---|---|
| **ZOX**<br>**(John Zox)** | Ser. No. 90540855 | Providing online music, not downloadable | 41 | 4/1/02 | 2/23/21 | Pending |
| **ZOX**<br>**(John Zox)** | Ser. No. 88228839 | Non-magnetically encoded gift cards; Stickers and transfers | 16 | Sept. 1, 2004 | Dec. 13, 2018 | Pending |
| | | Non-metal identification bracelets | 20 | June 1, 2005 | | |
| | | All-purpose straps comprised of synthetic textile materials; Sacks or bags for the transportation or storage of materials in bulk; String. | 22 | June 1, 2005 | | |
| | | Fabrics for textile use. | 24 | Jan. 1, 2007 | | |
| | | Arm bands; Belt buckles; Charms for shoes; Clothing accessories, namely, charms for attachment to zipper pulls and buttons; Hair bands; Shoe laces. | 26 | June 1, 2005 | | |
| | | Party games | 28 | Jan. 1, 2007 | | |
| **ZOX**<br>**(Andrew Zox,**<br>**Daniel Zox,**<br>**John Zox)** | Ser. No. 86954997<br><br>Reg. No. 5268843 | Prerecorded video cassette tapes, audio and video discs in the nature of CDs and DVDs and digital files, motion picture and documentary film, all featuring live action, computer generated, animated cartoons and musical entertainment and educational subject matter in the field of literature, science, history, art, government, engineering, philosophy, fashion, mathematics, economics, and zoology; film and video equipment, namely still, motion picture film and video cameras, videocassette recorders, videocassette players, digital video or audio players, and film and video editing machines; computer software for film and video editing; eyeglasses | 9 | Jan. 1, 2006 | Mar. 28, 2016 | Aug. 22, 2017 |
| | | Production, development and distribution of motion picture films, television programs, documentary films, music videos, virtual and augmented reality videos, concert video and interactive media in the nature of literature, science, technology, religion, sports, politics, history, art, government, engineering, philosophy, fashion, mathematics, and economics; theatrical or musical works performed in a live setting; publication of books and screenplays; providing a website featuring educational information in the field of music, theater, cinema, design, photography, visual and performing arts and animal training; production of audio and audiovisual recordings; Entertainment in the nature of live radio personality | 41 | Jan. 1, 2006 | | |

| | | performances; Entertainment services, namely, providing webcasts and video podcasts in the field of personality performances. | | | | |
|---|---|---|---|---|---|---|

16.     A true and correct copy of U.S. Trademark Registration No. 5268843 is  attached hereto as Exhibit A. U.S. Trademark Registration No. 5268843 is valid and subsisting, and is prima facie evidence of the Zox Brothers' exclusive right to use said marks in commerce on the goods and services specified in the registration.

17.     The Zox Brothers are also the owners of common law rights to the same marks identified in Paragraph 15 dating back to at least as early as 1998.

18.     John Zox is also the owner of common law rights in the ZOX (Stylized) Mark, a stylized logo design of the mark ZOX, as shown below in Fig. 1, dating back to at least as early as 2007 (hereinafter, the "2007 Zox (Stylized) Mark") which is the Zox band's logo from the SideOneDummy Records 2008 Album release "Line in the Sand."



Fig. 1 – John Zox's **ZOX (Stylized)** Mark (2007 – present)

19.     John Zox is also the owner of common law rights in the ZOX (Stylized) Mark, a stylized logo design of the mark ZOX, as shown below in Fig. 2, dating back to at least as early as January 11, 2021 (hereinafter, the "2021 Zox (Stylized) Mark") and associated with the ZOX band's most recently released album.



Fig. 2 – John Zox's ZOX (Stylized) Mark (2021 – present)

### *ZOX Band*

20.     John Zox is a member of the nationally recognized Providence, Rhode Island based indie band ZOX, which was founded in 1998. Since 2001, ZOX has released four full length albums, four EP albums, and eight singles, and has been featured on Billboard's top charts. ZOX toured throughout the United States and worldwide full time between 1998 and 2009, performing between 200 and 300 shows per year. ZOX has opened for or toured with bands such as The Black Eyed Peas, O.A.R., Rusted Root, Common, OK GO, The Roots, Everclear, Dispatch, Live, Guster, and more. ZOX has been a featured artist at South by Southwest music festival in Austin, Texas, and has toured on the Warped Tour, the largest traveling music festival in the United States. Other festivals ZOX performed at include the UK's Reading and Leeds Festivals, Germany's Rock am Ring and Rock im Park Festivals, Italy's Rock the Week, NovaRock Austria, and Switzerland's Greenfield Festival. The band signed with SideOneDummy Records (The Mighty Mighty Bosstones, Gogol Bordello, Flogging Molly) in 2006, as well as with Foundations Artist Management (Dr. Dog, Dispatch, Owl City), and CAA Booking Agency (AC/DC, John Mayer, etc.). ZOX music has been featured on television, e.g., MTV's The Real Word and Road Rules, in film, e.g., Michael Moore's "Slacker Uprising," and in video, including dozens of music videos on YouTube.

21.     Since 2009, ZOX has performed occasional shows throughout the Northeastern United States. It is common and expected in the music industry for bands to take years off between concerts/tours and in between album cycles. ZOX has always and currently intends to play reunion shows and small tours and create new music for the rest of the bandmembers' lives. ZOX has never had any intention to cease reunion concerts or events that draw fans from throughout the country.

22.     Between 2016 and 2020, ZOX was prevented from holding reunion concerts, first, due to multiple tragedies affecting member of the bandmembers' families, and second, due to the global pandemic that began in 2020. In fact, ZOX's next tour and album release was first intended to be in October 2019—which was cancelled due to medical emergencies— then in December 2020—which was cancelled due to the global COVID-19 pandemic—but

6

will nonetheless be rescheduled when the global health environment improves. In December 2020, ZOX had been slated to play a large concert for a national brand's 130-year anniversary, which was cancelled due to the pandemic. Indeed, performance venues throughout the United States and worldwide have been closed since about March 2020 due to the pandemic.

23. Since at least as early as 1998, ZOX has promoted its band and music using the ZOX Marks.

24. Throughout its existence, and continuing to this day, ZOX has sold a wide variety of merchandise, both at shows and online, including apparel, band paraphernalia, CDs, and print posters. On tours, ZOX also sold/sells various merchandise including shoelaces, headbands, shot glasses, bumper stickers, games, wristbands, gift cards, etc. All of these items were and are sold and offered for sale under the mark ZOX.

25. John Zox has continuously used the ZOX Marks in interstate commerce since at least as early as 1998. Since then, John Zox has used the ZOX Marks as a trademark for the platforms John Zox created—including his ZOX Band website and online streaming platforms—to launch new music, enable consumers to purchase its merchandise, and engage in information exchanges with a wide range of fans seeking to learn more about, and listen to, the band.

26. John Zox has made substantial sales of goods and services under the ZOX Marks, and has used the ZOX Marks in highly successful advertising and promotional campaigns over the course of 21+ years. Indeed, John Zox's sales of t-shirts alone, which feature the ZOX Mark, have exceeded thousands of units in this timeframe.

27. John Zox markets, promotes, and sells his merchandise online at his website www.zoxband.com and www.zazzle.com, at shows/concerts, and via virtually all publicly available online streaming music platforms. All feature the ZOX Marks as shown by example of ZOX Band's website in Fig. 3.

/ / /

/ / /

/ / /



Fig. 3 – ZOX Band Website

28.     Ever since 2002, when John Zox's ZOX band website using the ZOX Marks was launched, there have been millions of unique visits to its platform and associated streaming music platforms.

29.     ZOX's music is widely streamed online on platforms such as Pandora, Amazon, Apple, and Spotify, generating income from over 1 million streams annually. All feature the ZOX Marks, as shown by examples from Spotify in Figs. 3-5.

///

///

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15



Fig. 4 – Album Cover and Streaming Platforms, 2008 release (Spotify)



Fig. 5 – Album Cover, 2008 release (Spotify)

16

17

18

19

20  / / /

21  / / /

22  / / /

23

24

25

26

27

28



Fig. 6 – ZOX Band Spotify Home Page (current)

30.    Like any band, ZOX band has hundreds of backlogged never-released recordings, which ZOX has always had the intention to release in some form.  The 2020 global pandemic gave ZOX the opportunity to finally discover and peruse through these countless recordings. On January 11, 2021, ZOX released a new album entitled *Lost and Found: B-Sides* containing nine tracks of newly produced and mastered songs. Not counting all streaming/music portals online, in January 2021 alone, the new album had at least 17,496 streams and downloads. During the album's release week, ZOX's Facebook page at

https://www.facebook.com/ZOXtheBAND had 2,902 engagements from fans, and ZOX's website, www.zoxband.com, had a massive jump in visitors by the thousands.

31.     The ZOX Marks have achieved widespread fame and recognition and a devoted following for the goods and services offered by John Zox under the mark.  As a result of John Zox's long use of the ZOX Marks, John Zox has developed substantial goodwill in the ZOX Marks, and the public has come to associate the ZOX Marks with the goods and services of John Zox and the ZOX band.

### *ZOX Band's Merchandise Sales History*

32.     Since at least as early as 1998, John Zox has been using in commerce his ZOX Marks in connection with selling apparel, band paraphernalia, CDs, print posters, shoelaces, headbands, shot glasses, stickers, games, wristbands, gift cards, etc.  Examples of these ZOX products are shown in below.

/ / /

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





hoodies and t-shirts

12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



posters

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28







stickers

bracelets



keychains, shot glasses, pins

buttons, charms



compact discs



bags

33.     In 1998, ZOX held its first concert with a branded retail merchandise booth in Rhode Island.

34.     Between 1998 and 2001, ZOX held weekend shows—approximately 75 each year—throughout Massachusetts, Connecticut, and Rhode Island, with merchandise booths at each show. The merchandise during this period and onward consisted of apparel, CDs, stickers and dozens of various trinkets/knickknacks.

35.     Between 2002 and 2009, ZOX performed about 225 shows per year on national tours that reached 47 states. ZOX sold hundreds of thousands of dollars in merchandise during this time. During this time, ZOX also conducted merchandise sales online directly with fans via email, Facebook, and Myspace.

36.     In 2009, 2010, 2011, and 2014, ZOX performed annual reunion shows in Rhode Island, drawing approximately 2,000 fans including many from out-of-state and selling thousands of dollars of merchandise at each show.

37.     In about 2015 or 2016, ZOX launched Zazzle as the back end to the ZOX website's branded merchandise section, i.e., the ZOX web store.  Prior to launching Zazzle, ZOX had sold similar merchandise at live shows dating back to its 1998 founding.

38.     In 2021, ZOX relaunched its website at www.zoxband.com with new stylized logo of ZOX—the 2021 ZOX (Stylized) Mark.  It accompanied the launch of ZOX's new album, *Lost and Found: B-Sides*, which had been in discussion since 2009, and which is the start of future album releases. This new website provided better access to stream ZOX's music, as ZOX now has upwards of 30- to 40,000 verifiable monthly listeners internationally across all streaming platforms (1 million+/annual verifiable streams).

39.     John Zox has expended a substantial amount of money and effort in advertising and promoting his ZOX Marks, spending as much as $225,000 annually in connection with advertising and promotional expenses relating to the ZOX Marks.

40.     As a result of John Zox's long-standing and continuous use of the ZOX Marks and his success in selling, advertising, and promoting goods and services bearing the mark, the ZOX Marks have become strong and well known, and consumers have come to know, rely upon, and recognize the ZOX Marks as identifying quality goods and services emanating from John Zox and ZOX band.

41.     As a result of John Zox's substantial promotional, advertising, publicity, and public relations activities for well over two decades, the ZOX Marks have acquired substantial goodwill and are an extremely valuable commercial asset.

42.     John Zox's ZOX Marks are inherently distinctive, serving to identify and indicate the source of John Zox and ZOX band's goods and services to the consuming public, and to distinguish John Zox and ZOX band's goods and services from those of others.

### Andrew and Daniel Zox

43.     Daniel and Andrew Zox—working independently as creative entrepreneurs—have also earned widespread recognition and commercial success in their business endeavors in film and media under the ZOX Marks.

/ / /

16

44.     Daniel and Andrew Zox are independent filmmakers and operate production companies under the ZOX Marks.

45.     Since at least as early as 2006, Daniel and Andrew Zox have promoted their commercial endeavors using the ZOX Marks. These commercial endeavors include Zox Movies, Zox Films Promo, and Zox Films, all of which began in 2006, and Zox Project, which began in 2016.

46.     In 2006, Daniel Zox established Zox Films to produce music videos, commercials, documentaries, films, etc. Daniel Zox's cinematography and films under Zox Films have been featured at South by Southwest, the United Nations, Venice Biennial, Outfest, Seattle LGFF, Chicago Int'l REEL Shorts Festival, Athens Int'l Film Festival, Provincetown Film Festival, University of Chicago, Northwestern University.

47.     Zox Films LLC was formally incorporated under the law of Illinois in December 2012.

48.     In 2012, Andrew Zox joined Zox Films and began producing and directing films in conjunction with Daniel Zox.

49.     In 2016, Andrew began crediting his own films and screenplays under the production company Zox Project and doing business as Zox Project.

50.     Zox Project's works have premiered internationally at, for example, Festival de Cannes, Festival Internacional de Cine de Cartagena de Indias (FICCI), Short Shorts Film Festival and Asia, and have premiered in the US at the Palm Springs International ShortFest.

51.     Between 2006 and 2020, Daniel and Andrew Zox have had public film screenings (i.e., movies with music soundtracks) at festivals and theaters. For example, in 2018, Andrew Zox, in conjunction with Zox Project, had a film screened in a theater, at Cannes Film Festival. See https://www.festival-cannes.com/en/films/i-am-my-own-mother. Below is a screen shot from the trailer for the Zox Films documentary "I Like Dirt" at https://vimeo.com/428891156 showing the Zox Films mark at the beginning of the trailer.

/ / /

/ / /



52.    In 2020, Andrew began to distribute his film *I Am My Own Mother* under Zox Project on Vimeo on Demand, an online video distribution platform, in preparation for a forthcoming feature film under contract and in order to promote his production company Zox Project.

53.    Zox Project LLC was formally incorporated under the law of California in March 2021.

54.    Daniel and Andrew Zox's registration for the Zox Brothers' ZOX Marks grants the Zox Brothers the exclusive right to use said marks in commerce on the goods and services specified in each registration.

55.    Andrew and Daniel Zox have continuously used their ZOX Marks in interstate commerce since at least as early as 2006.

/ / /

56.     Andrew and Daniel Zox have made substantial sales of goods and services under its ZOX Marks, and have used their ZOX Marks in highly successful advertising and promotional campaigns over the course of 15+ years.

57.     Andrew and Daniel Zox market, promote, and sell their goods and services online through their websites www.zoxfilms.com, www.vimeo.com/zoxfilms, and www.zoxproject.com, in theaters, film festivals, public screenings, and online video distribution platforms. All feature the ZOX Marks.

58.     The ZOX Marks have achieved widespread fame and recognition and a devoted following for the goods and services offered by Andrew and Daniel Zox under the marks.

59.     As a result of Andrew and Daniel Zox's long use of their ZOX Marks, Andrew and Daniel Zox have developed substantial goodwill in the ZOX Marks, and the public has come to associate the ZOX Marks with the goods and services of the Zox Brothers.

60.     Andrew and Daniel Zox have expended a substantial amount of money and effort in advertising and promoting their ZOX Marks.

61.     As a result of Andrew and Daniel Zox's long-standing and continuous use of the ZOX Marks and their success in selling, advertising, and promoting goods and services bearing the mark, the ZOX Marks have become strong and well known, and consumers have come to know, rely upon, and recognize the ZOX Marks as identifying quality goods and services emanating from the  Zox Brothers.

62.     As a result of Andrew and Daniel Zox's substantial promotional, advertising, publicity, and public relations activities for well over 15 years, the ZOX Marks have acquired substantial goodwill and are an extremely valuable commercial asset.

63.     The Zox Brothers' ZOX Marks are inherently distinctive, serving to identify and indicate the source of the Zox Brothers' goods and services to the consuming public, and to distinguish the Zox Brothers' goods and services from those of others.

### *The Kuipers Brothers' Unlawful Conduct*

64.     More than a decade after John Zox established ZOX Band, and years after Andrew and Daniel Zox began their film endeavors, Jason Kuipers, Brandon Kuipers and

Jordan Kuipers started Zox Straps LLC, the earliest predecessor to the current entity identified as ZOX LLC.

65.   ZOX LLC is the listed owner for the following registrations and applications. The registrations and applications are collectively referred to herein as the "Infringing Marks."

/ / /

/ / /

/ / /

| MARK and OWNERS | REG. NO./ SERIAL NO. | GOODS | CLASS | FIRST USE | FILING DATE | REG. DATE |
|---|---|---|---|---|---|---|
| **ZOX (Stylized)** <br> **ZOX** | Serial No. 78415788 <br><br> Reg. No. 2992108 | Clothing and accessories; namely, jackets, coats, sweaters, pants, shirts, shorts, swimwear, and undergarments for women and men, jogging suits, T-shirts, tank tops, jerseys, cotton woven shirts, knit shirts, polo shirts, golf shirts, dresses, blouses, nightgowns, pajamas, sweat pants, sweatshirts, jogging suits, neckties, belts, suspenders, sandals, shoes, caps, hats, wrist bands, head bands, sun visors, scarves, bandannas, ear muffs, gloves, mittens, leg warmers, pantyhose, stockings, leotards, tights, and leggings | 25 | 10/29/91 <br><br> First use in commerce 10/1/92 | 5/10/04 | 9/6/05 <br><br> cancelled |
| **ZOX STRAPS** | Serial No. 85438231 <br><br> Reg. No. 4412948 | Elastic fabric wristbands in the nature of a bracelet | 14 | 8/2011 | 10/3/11 | 10/8/13 |
| **ZOX** | Serial No. 85948145 <br><br> Reg. No. 4465691 | Wristbands in the nature of a bracelet | 14 | 8/11 <br><br> First use commerce 9/15/11 | 5/31/13 | 1/14/14 |
|  |  | Wristbands; shirts[; shoes] | 25 | 8/11 <br><br> First use commerce 9/15/11 |  |  |
| **ZOXBOX** | Serial No. 86442364 <br><br> Reg. No. 4759961 | Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; wristbands | 25 | 5/30/12 | 11/2/14 | 6/23/15 |
| **ZOX** | Serial No. 87095703 <br><br> Reg. No. 5233845 | Backpacks | 18 | 10/31/16 | 7/7/16 | 6/27/17 |
|  |  | On-line retail and wholesale store services featuring clothing apparel, wristbands, bags and accessories | 35 | 8/00/11 |  |  |
| **ZOX** | Serial No. 88659217 | Coloring books; Prints | 16 | First Use: 10/29/91 <br><br> First Use in commerce 9/15/11 | 8/17/19 |  |
| **ZOX** | Serial No. 87802788 | Sunglasses | 9 |  | 2/19/18 |  |
| **ZOXLIST** | Serial No. 88582471 | Downloadable software in the nature of a mobile application for allowing users to search for, find, research, analyze, compare, sell, and purchase | 9 |  | 8/16/19 |  |

21

| | | goods and services via the Internet, global computer communication networks, and wireless telecommunications networks; downloadable computer application software for mobile phones that enables customers to search an online searchable database in the field of clothing, bags and accessories, and to purchase consumer goods and view product information | | | | |
|---|---|---|---|---|---|---|
| ZOXLIST | Serial No. 88582432 | Provision of an on-line marketplace for buyers and sellers of wristbands and bracelets | 35 | 11/27/12 | 8/16/19 | Pending; Opposition filed |
| **ZOX MYSTERY PACK & Design**  | Serial No. 88657096 | Bracelets | 14 | First Use: 9/1/13; First Use in Commerce: 12/9/13 | 10/16/19 | |
| **ZOX (Stylized)**  | Serial No. 88829957 | Jewelry | 14 | 8/1/11 | 3/11/20 | Pending; Opposition filed |
| | | Hoodies; T-shirts; Wristbands as clothing | 25 | | | |

66.  The Kuipers Brothers with both constructive and, upon information and belief, actual knowledge of the ZOX band and John Zox' ZOX Marks, began making, offering for sale, selling, promoting, and/or advertising goods and services—namely wristbands, bracelets, hoodies, backpacks, and an online store featuring the same—under the Infringing Marks.

67.  The Kuipers Brothers' use the Infringing Marks in their web address zox.la, on their website, on social media accounts, including Facebook, Twitter, and Instagram, and on most of their merchandise.

68.  The Kuipers Brothers' use of the Infringing Marks has always been and continues to be without permission, consent, or authority of the Zox Brothers.

/ / /

/ / /

/ / /

22

69.     By the Kuipers Brothers' own sworn admission in their applications for the Infringing Marks, the Kuipers Brothers' use of the Infringing Marks began no earlier than 2011, well after the Zox Brothers' first use of the ZOX Marks.

70.     In 2011, ZOX band had achieved widespread recognition. Google Trends shows that ZOX band was the top search result for the term "zox."

71.     At that time, ZOX was performing publicly promoted 2,000-person concerts in Rhode Island, drawing fans from out of state.

72.     ZOX band's website has been zoxband.com since about 2002. The Kuipers refer to their products as "ZOX bands," on their website, social media, etc., creating confusion any time someone conducts an online search for John Zox' ZOX band.

73.     On information and belief, the Kuipers Brothers named their company ZOX and filed a trademark application for the mark ZOX in 2011, despite knowing that ZOX band had an active trademark and ongoing live performances.

74.     The Kuipers Brothers' ZOX logo, which is the subject mark of the '957 Application, is a copy of John Zox's 2007 Zox (Stylized) Mark, which is still in use to this day on all streaming platforms and merchandise. The Kuipers Brothers' mark, as identified in the '957 Application is shown below in Fig. 7, in a side-by-side comparison with John Zox's 2007 Zox (Stylized) Mark.



Fig. 7 – Left: the Kuipers Brothers' mark; right: John Zox's 2007 Zox (Stylized) Mark

75.     Approximately 20 of the Kuipers Brothers' products are named after ZOX band songs.

/ / /

/ / /

76.     Each of these instances, taken together, demonstrates a campaign by the Kuipers Brothers to impersonate ZOX band and trade on its goodwill and commercial success.

77.     The Kuipers Brothers' unauthorized use of the Infringing Marks has caused countless instances of actual confusion in the marketplace or misunderstanding as to the Kuipers Brothers' affiliation, connection or association with, or certification by the ZOX band and/or John Zox.

78.     On information and belief, beginning in 2011, the Kuipers Brothers began a campaign of filing applications for the Infringing Marks in order to trade on the goodwill and success of the ZOX band and John Zox.

79.     When the Kuipers Brothers filed Application Serial No. 85/438,231 (the "'231 Application") for ZOX STRAPS (Standard Characters) for *Elastic fabric wristbands in the nature of a bracelet* in Class 14, with a claimed first use date of August 2011 and first use in commerce date of September 15, 2011, the USPTO initially refused registration of the mark. On July 5, 2012, the USPTO issued an office action refusing registration under Section 2(d), citing Registration No. 2,992,108 for the mark ZOX (Stylized) covering a variety of goods in Class 25.

80.     The '108 Registration was owned by Zox International, Inc., a short-lived company, which purported to trace its origins to 1991 selling socks.

81.     On November 5, 2012, the Kuipers Brothers filed Cancellation Proceeding No. 92056435 ("the '435 Proceeding") before the Trademark Trial and Appeal Board, entitled *Zox Straps, LLC v. Zox International, Inc.*, seeking to cancel the '108 Registration for the mark ZOX (Stylized).

82.     In the '435 Proceeding, the Kuipers Brothers alleged that Zox International, Inc. abandoned the mark shown in the '108 Registration and committed fraud on the U.S. Patent and Trademark Office in the procurement and renewal of the '108 Registration. See Exhibit B (Paragraphs 4-29 of the Kuipers Brothers' Petition for Cancellation filed in the '435 Proceeding).

/ / /

83.     As part of a settlement of the '435 Proceeding, the Kuipers Brothers acquired a purported assignment of the '108 Registration from Zox International, Inc.

84.     On information and belief, the assignment was a naked assignment (assignment in gross), because there was no goodwill or business acquired in the ZOX (Stylized) mark for Zox International, Inc. to assign to the Kuipers Brothers due to the lack of use of the ZOX (Stylized) mark.

85.     In the '435 Proceeding, the Kuipers Brothers alleged that Zox International, Inc. had never used the ZOX (Stylized) mark in commerce which Congress may regulate, in connection with *Clothing and accessories; namely, jackets, coats, sweaters, pants, shirts, shorts, swimwear, and undergarments for women and men, jogging suits, T-shirts, tank tops, jerseys, cotton woven shirts, knit shirts, polo shirts, golf shirts, dresses, blouses, nightgowns, pajamas, sweat pants, sweatshirts, jogging suits, neckties, belts, suspenders, sandals, shoes, caps, hats, wrist bands, head bands, sun visors, scarves, bandannas, ear muffs, gloves, mittens, leg warmers, pantyhose, stockings, leotards, tights, and leggings* in Class 25.

86.     In the '435 Proceeding, the Kuipers alleged that as of October 1, 1992, Zox International, Inc.'s claimed date of first use in commerce for the ZOX (Stylized) mark, Zox International, Inc. was not using the mark ZOX (Stylized) in connection with the sale of goods covered by the '108 Registration in interstate, international, or other commerce which Congress may regulate, as required by Section 45 of the Trademark Act, 15 U.S.C. §1127.

87.     In the '435 Proceeding, the Kuipers Brothers alleged that as of May 10, 2004, the filing date for the application that matured into the '108 Registration for ZOX (Stylized), Zox International was not using the mark ZOX (Stylized) in connection with the sale of goods covered by the '108 Registration in interstate, international, or other commerce which Congress may regulate, as required by Section 45 of the Trademark Act, 15 U.S.C. §1127.

88.     In the '435 Proceeding, the Kuipers Brothers alleged that even if, arguendo, some measure of use of the ZOX (Stylized) mark by Zox International, Inc. had taken place by April 27, 2015 in connection with the goods covered by the '108 Registration, Zox International, Inc. had not maintained such use in interstate, international, or other commerce

which Congress may regulate, for at least three (3) consecutive years, and had no intention of resuming such use.

89.     In the '435 Proceeding, the Kuipers Brothers alleged that even if, arguendo, some measure of use of the ZOX (Stylized) mark by Zox International, Inc. had taken place by April 27, 2015 in connection with the goods covered by the '108 Registration, Zox International, Inc. had explicitly and overtly discontinued such use of the ZOX (Stylized) mark in interstate, international, or other commerce which Congress may regulate.

90.     Thus, as the Kuipers Brothers were aware and stated in filings with the TTAB, Zox International, Inc. never used the ZOX (Stylized) Mark as to most or all of the goods listed in the '108 Registration and as to any goods with which Zox International, Inc. had at one time used the mark, it had abandoned the mark pursuant to 15 U.S.C. § 1127 prior to any purported assignment to the Kuipers Brothers.  That non-use and abandonment mandated cancellation of the '108 Registration.

91.     On information and belief, the purported assignment from Zox International to the Kuipers Brothers was a naked assignment (assignment in gross), and such assignment was invalid.  Thus, the Kuipers Brothers acquired no rights in the mark.

92.     Despite the invalid assignment, on June 6, 2013, an Examiner's Amendment issued, withdrawing the Section 2(d) refusal on the grounds that the Kuipers Brothers owned the '108 Registration that had previously been cited as the basis for the refusal to register, stating: "Prior Registration: Applicant is the owner of registration 2992108. The 2(d) refusal is withdrawn."

93.     On information and belief, at some time between May 5, 2013 and June 5, 2013, the Kuipers Brothers, despite knowing that the '108 Registration was invalid, falsely communicated to the U.S. Patent & Trademark Office that the Kuipers were the owners of rights in the mark that is the subject of the '108 Registration by valid assignment.

94.     The withdrawal ultimately resulted in the issuance of the '948 Registration for ZOX STRAPS. Thus, but for the invalid assignment to the Kuipers Brothers of the '108 Registration, and the Kuipers Brothers representation to the examining attorney that the

Kuipers Brothers obtained the mark, the examining attorney would not have withdrawn the Section 2(d) refusal.

### *The Kuipers Brothers' Abusive Campaign Before the TTAB and This Court to Divest the Zox Brothers of Their Prior Trademark Rights in the ZOX Marks*

95.     In reliance on the fraudulently assigned '108 Registration, and on the '948 Registration obtained by virtue of the fraudulently assigned '108 Registration, the Kuipers Brothers have engaged in a campaign before the Trademark Trial and Appeal Board to seek to oppose or cancel several of the applications and registrations for the Zox Brothers' ZOX Marks, despite the fact that the Zox Brothers have clear priority of use of ZOX since at least as early as 1998.

96.     On December 10, 2019, the Kuipers Brothers filed Opposition No. 91252817 (the "'817 Proceeding") before the Trademark Trial and Appeal Board, in the proceeding entitled *House of Kuipers, LLC v. John Zox*, seeking to oppose John Zox's Application Serial No. 88/228,839 for ZOX.

97.     On May 26, 2020, the Kuipers Brothers filed Cancellation No. 92074323 (the "'323 Proceeding") before the Trademark Trial and Appeal Board, in the proceeding entitled *House of Kuipers, LLC v. John Zox*, seeking to cancel the Zox Brothers' Registration No. 5,268,843 for ZOX.

98.     In both the '817 and '323 Proceeding, the Kuipers Brothers alleged that they have continuously used the mark ZOX in commerce since at least as early as 1991, prior to the Zox Brothers' use of the mark ZOX, solely by virtue of the invalidly assigned '108 Registration.

99.     During fact discovery in the '817 Proceeding, John Zox served interrogatories, request for production, and requests for admission, that sought documents on information on the circumstances of the invalid assignment and support for the contention that the Kuipers Brothers had prior rights by virtue of the assignment. The Kuipers Brothers failed to produce any evidence that the assignment was valid.

/ / /

100.    As the John Zox further demanded that the Kuipers Brothers produce documents in response to discovery requests focusing on this invalid assignment, the Kuipers Brothers filed this action to halt those proceedings, prolong this dispute, and avoid having to face the weakness of the Kuipers Brothers' reliance on the invalid assignment.

101.    The Kuipers Brothers' fraudulent assertion of prior use based on the '108 Registration in the TTAB proceedings has caused great damage and expense to the Zox Brothers in defending their legitimate rights in the ZOX Marks against the Kuipers Brothers' illegitimate claim to rights in the marks.

102.    The Kuipers Brothers' acts of infringement and unfair competition complained of herein by adopting marks confusingly similar to John Zox's ZOX mark and selling and offering for sale of products that infringe John Zox' ZOX mark have been deliberate, willful, intentional, and in bad faith and, undertaken with full knowledge and in conscious disregard of the Zox Brothers' prior rights and designed to trade on John Zox' goodwill associated with the ZOX Marks. The Kuipers have profited and been unjustly enriched, and will continue to profit and be unjustly enriched, by sales and publicity that the Kuipers Brothers would not otherwise have obtained but for their unlawful conduct. In view of the willful nature of the Kuipers Brothers' actions, this is an exceptional case as described in Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

103.    By virtue of the acts complained of herein, the Kuipers Brothers have created a likelihood of injury to John Zox' business reputation, caused a strong likelihood of confusion, mistake, and deception as to the source of or origin or relationship of the Kuipers Brothers and John Zox' services, and have otherwise competed unfairly with John Zox by unlawfully trading on and using a trademark that infringes John Zox' ZOX Marks without permission or consent.

104.    The Zox Brothers are informed and believe, and on that basis allege, that the Kuipers Brothers' acts complained of herein are willful and deliberate.

/ / /

/ / /

28

105.   The Kuipers Brothers' acts complained of herein have caused damage to the Zox Brothers in an amount to be determined at trial, and such damages will continue to increase unless the Kuipers Brothers are enjoined from their wrongful acts and infringement.

106.   The Kuipers Brothers' acts complained of herein have caused the John Zox to suffer irreparable injury to their business. John Zox will suffer substantial loss of goodwill and reputation unless and until the Kuipers Brothers are preliminarily and permanently enjoined from its wrongful actions complained of herein.

## <u>COUNT I</u>
### (Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a))

107.   The Zox Brothers repeat and reallege Paragraphs 1 through 106 of this Complaint as if fully set forth herein.

108.   Without John Zox's consent, the Kuipers Brothers have created and will create a false designation of origin by using in commerce the Infringing Marks and/or other marks confusingly similar to John Zox's ZOX Marks in connection with the sale and promotion of the Kuipers Brothers' accessories and apparel, thereby causing a likelihood of confusion, mistake or deception as to an affiliation, connection or association with ZOX band and John Zox or to suggest ZOX band and/or John Zox as the origin of the goods and/or services, or that ZOX band and/or John Zox has sponsored or approved of the Kuipers Brothers' commercial activities.

109.   The Zox Brothers are informed and believe, and on that basis allege, that the Kuipers Brothers acted with the intent to unfairly compete against the John Zox, to trade upon John Zox's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that the Kuipers Brothers' products and/or services are associated with, sponsored by or approved by John Zox when they are not.

110.   The Kuipers have knowledge of John Zox's ownership and prior use of the ZOX marks, and without the consent of John Zox, have willfully violated 15 U.S.C. § 1125(a). The Kuipers' actions have injured and damaged John Zox in an amount to be determined at trial.

111.   By its actions, the Kuipers Brothers have irreparably injured John Zox. Such irreparable injury will continue unless the Kuipers Brothers are preliminarily and permanently enjoined by this Court from further violation of John Zox' rights, for which John Zox has no adequate remedy at law.

## COUNT II
### (Cancellation for Non-Use Under 15 U.S.C. § 1119)

112.   The Zox Brothers repeat and reallege Paragraphs 1 through 111 of this Complaint as if fully set forth herein.

113.   This is a counterclaim for cancellation of U.S. Trademark Registrations Nos. 4465691, 4759961, and 5233845 under 15 U.S.C. § 1119.

114.   The Kuipers filed the application that led to U.S. Trademark Registration No. 4465691 on May 31, 2013 and represented to the U.S. Trademark Office that they were using the ZOX mark in connection with shirts when they filed the application.

115.   On information and belief, the Kuipers Brothers did not use the mark ZOX in commerce with shirts as of May 31, 2013 and have since offered shirts only sporadically, if at all.

116.   The Kuipers filed the application that led to U.S. Trademark Registration No. 4759961 on November 2, 2014 and represented to the U.S. Trademark Office that they were using the ZOX mark in connection with athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms.

117.   On information and belief, the Kuipers Brothers did not use the mark ZOX in commerce with athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms as of November 2, 2014 and have since offered these goods only sporadically, if at all.

118.   In connection with the application that led to U.S. Trademark Registration No. 5233845, the Kuipers Brothers represented to the U.S. Trademark Office that they began using the mark ZOX in commerce with backpacks as of October 31, 2016.

/ / /

119.    On information and belief, the Kuipers Brothers did not use the mark ZOX in commerce with backpacks as of October 31, 2016 and have since offered backpacks only sporadically, if at all.

120.    The Kuipers' acts as complained of herein, namely non-use or discontinuance of use of their purported trademarks and intent not to resume or begin such use in commerce constitute both (1) non-use and (2) abandonment of these marks pursuant to 15 U.S.C. § 1127, both of which mandate cancellation of the Kuipers Brothers' registrations in whole or in part because the Kuipers Brothers have never been entitled to registration of these trademarks for the identified goods.

121.    The Zox Brothers are being competitively harmed by the continued registration of these trademarks.

122.    In view of the foregoing, the Kuipers Brothers' U.S. Trademark Registrations Nos. 4465691, 4759961, and 5233845 should be cancelled pursuant to 15 U.S.C. § 1119.

## COUNT III

**(Cancellation for Fraud On U.S. Patent & Trademark Office Under 15 U.S.C. § 1120)**

123.    The Zox Brothers repeat and reallege Paragraphs 1 through 122 of this Complaint as if fully set forth herein.

124.    On October 3, 2011 the Kuipers Brothers filed with the U.S. Patent & Trademark Office the '231 Application to register the mark ZOX STRAPS on the Principal Register.

125.    As previously alleged, on July 5, 2012, the USPTO issued an office action refusing registration of the '231 Application under Section 2(d), citing Registration No. 2,992,108 for the mark ZOX (Stylized) covering a variety of goods in Class 25. On November 5, 2012, the Kuipers Brothers filed Cancellation Proceeding No. 92056435 before the Trademark Trial and Appeal Board, in the proceeding entitled Zox Straps, LLC v. Zox International, Inc., seeking to cancel the '108 Registration for ZOX (Stylized). In the '435 Proceeding, the Kuipers Brothers alleged that Zox International, Inc. abandoned the '108 Registration and committed fraud on the U.S. Patent and Trademark Office in procurement and renewal of the '108 Registration. See Exhibit B. As part of a settlement of the '435

31

Cancellation Proceeding, the Kuipers Brothers acquired via assignment the '108 Registration from Zox International, Inc.

126.   On information and belief, the assignment was a naked assignment (assignment in gross), because there was no goodwill or business acquired in the ZOX (Stylized) mark for Zox International to assign to the Kuipers Brothers due to the lack of use of the ZOX (Stylized) mark.

127.   On information and belief, the Kuipers Brothers knew the assignment was a naked assignment and invalid, because it had alleged that Zox International, Inc. abandoned the '108 Registration and committed fraud on the U.S. Patent and Trademark Office in procurement and renewal of the '108 Registration.

128.   Despite this knowledge, on information and belief, the Kuipers Brothers communicated to the U.S. Patent & Trademark Office between May 5, 2013 and June 5, 2013 that it was the owner of the '108 Registration by valid assignment.

129.   On information and belief, such statements were false at the time they were made.

130.   On information and belief, the Kuipers Brothers knew such statements were false at the time they were made.

131.   Such statements were material to the registrability of the ZOX STRAPS mark.

132.   On information and belief, the Kuipers Brothers knowingly made such false statements in order to induce the U.S. Patent & Trademark Office to issue a certificate of registration.

133.   The Kuipers therefore committed fraud when it knowingly made a false, material representation to the U.S. Patent & Trademark Office with the intent to deceive.

134.   For the foregoing reasons, the U.S. Patent & Trademark Office would have never issued the '948 Registration for ZOX STRAPS but for the knowingly fraudulent false and material representations made by the Kuipers Brothers to the U.S. Patent & Trademark Office in its application.

/ / /

135.   The Kuipers' act of fraud on the U.S. Patent & Trademark Office warrants cancellation of the '948 Registration for ZOX STRAPS.

136.   Issuance and maintenance of the fraudulently procured registration for the mark ZOX STRAPS has caused injury and damage to the Zox Brothers.

137.   In Application Serial No. 85/948,145, which matured into the '691 Registration, the Kuipers Brothers stated that it claimed ownership of the '108 Registration. The '145 Application covered wristbands in the nature of a bracelet in class 14 and wristbands; shirts in class 25, goods identical or related to those in the '108 Registration.

138.   Such statements were material to the registrability of the ZOX mark.

139.   For the foregoing reasons, the U.S. Patent & Trademark Office would have also never issued the '691 Registration for ZOX but for the material representations made by the Kuipers Brothers to the U.S. Patent & Trademark Office in the '108 Application.

140.   The issuance of a registration based on the Kuipers Brothers' claim of ownership of invalidly assignment registration to the U.S. Patent & Trademark Office warrants cancellation of the '691 Registration for ZOX.

141.   Issuance and maintenance of the wrongly procured registration for the mark ZOX has caused injury and damage to the Zox Brothers.

142.   In Application Serial No. 86/442,364, which matured into the '961 Registration, the Kuipers Brothers stated that it claimed ownership in the '691 Registration. The '364 Application covered Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; wristbands in class 25, goods identical or related to those in the '108 Registration and '691 Registration.

143.   Such statements were material to the registrability of the ZOX mark.

144.   For the foregoing reasons, the U.S. Patent & Trademark Office would have also never issued the '961 Registration for ZOX but for the material representations made by the Kuipers Brothers to the U.S. Patent & Trademark Office in the '364 Application.

/ / /

/ / /

145.    The issuance of a registration based on the Kuipers Brothers' claim of ownership of a registration issued based on an invalidly assigned registration to the U.S. Patent & Trademark Office warrants cancellation of Respondent's '961 Registration for ZOXBOX.

146.    Issuance and maintenance of the wrongly procured registration for the mark ZOXBOX has caused injury and damage to the Zox Brothers.

147.    In Application Serial No. 87/095,703, which matured into the '845 Registration, the Kuipers Brothers stated that it claimed ownership in the '691 Registration and '961 Registration. The '703 Application covered Backpacks in class 18, and On-line retail and wholesale store services featuring clothing apparel, wristbands, bags and accessories in class 35, goods and services identical or related to those in the '108 Registration, '691 Registration, and '961 Registration.

148.    Such statements were material to the registrability of the ZOX mark.

149.    For the foregoing reasons, the U.S. Patent & Trademark Office would have also never issued the '845 Registration for ZOX but for the material representations made by the Kuipers Brothers to the U.S. Patent & Trademark Office in the '364 Application.

150.    The issuance of a registration based on the Kuipers Brothers' claim of ownership of a registration issued based on an invalidly assigned registration to the U.S. Patent & Trademark Office warrants cancellation of Respondent's '845 Registration for ZOX.

151.    Issuance and maintenance of the wrongly procured registration for the mark ZOX has caused injury and damage to the Zox Brothers.

152.    The issuance of a registration on any pending application of the Kuipers Brothers based on the Kuipers Brothers' claim of ownership of a registration issued based on an invalidly assigned registration to the U.S. Patent & Trademark Office should be refused.

153.    The Zox Brothers have sustained and are entitled to recover actual and treble damages, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117, 1120 and injunctive relief pursuant to 15 U.S.C. § 1116.

/ / /

/ / /

## COUNT IV
### (Rectification of the Trademark Register Under 15 U.S.C. § 1119)

154.   The Zox Brothers repeat and reallege Paragraphs 1 through 153 of this Complaint as if fully set forth herein.

155.   In Application Serial No. 85/438,231, which matured into the '948 Registration, Kuipers stated that it claimed ownership in the '108 Registration. The '231 Application covered various goods in class 25, goods identical or related to those in the '108 Registration.

156.   Such statements were material to the registrability of the ZOX STRAPS mark.

157.   For the foregoing reasons, the U.S. Patent & Trademark Office would have never issued the '948 Registration for ZOX STRAPS but for the material representations made by the Kuipers Brothers to the U.S. Patent & Trademark Office in the '231 Application.

158.   The issuance of a registration based on the Kuipers Brothers' claim of ownership in an invalidly assigned registration to the U.S. Patent & Trademark Office warrants cancellation of Respondent's '948 Registration for ZOX STRAPS.

159.   Issuance and maintenance of the wrongly procured registration for the mark ZOX STRAPS has caused injury and damage to the Zox Brothers.

160.   In Application Serial No. 85/948,145, which matured into the '691 Registration, the Kuipers Brothers stated that it claimed ownership in the '108 Registration. The '145 Application covered wristbands in the nature of a bracelet in class 14 and wristbands; shirts in class 25, goods identical or related to those in the '108 Registration.

161.   Such statements were material to the registrability of the ZOX mark.

162.   For the foregoing reasons, the U.S. Patent & Trademark Office would have also never issued the '691 Registration for ZOX but for the material representations made by the Kuipers Brothers to the U.S. Patent & Trademark Office in the '108 Application.

163.   The issuance of a registration based on the Kuipers Brothers' claim of ownership of invalidly assignment registration to the U.S. Patent & Trademark Office warrants cancellation of Respondent's '691 Registration for ZOX.

/ / /

164.    Issuance and maintenance of the wrongly procured registration for the mark ZOX has caused injury and damage to the Zox Brothers.

165.    In Application Serial No. 86/442,364, which matured into the '961 Registration, the Kuipers Brothers stated that it claimed ownership in the '691 Registration. The '364 Application covered Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; wristbands in class 25, goods identical or related to those in the '108 Registration and '691 Registration.

166.    Such statements were material to the registrability of the ZOX mark.

167.    For the foregoing reasons, the U.S. Patent & Trademark Office would have also never issued the '961 Registration for ZOX but for the material representations made by the Kuipers Brothers to the U.S. Patent & Trademark Office in the '364 Application.

168.    The issuance of a registration based on the Kuipers Brothers' claim of ownership of a registration issued based on an invalidly assigned registration to the U.S. Patent & Trademark Office warrants cancellation of Respondent's '961 Registration for ZOXBOX.

169.    Issuance and maintenance of the wrongly procured registration for the mark ZOX has caused injury and damage to the Zox Brothers.

170.    In Application Serial No. 87/095,703, which matured into the '845 Registration, the Kuipers Brothers stated that it claimed ownership in the '691 Registration and '961 Registration. The '364 Application covered Backpacks in class 18, and On-line retail and wholesale store services featuring clothing apparel, wristbands, bags and accessories in class 35, goods and services identical or related to those in the '108 Registration, '691 Registration, and '961 Registration.

171.    Such statements were material to the registrability of the ZOX mark.

172.    For the foregoing reasons, the U.S. Patent & Trademark Office would have also never issued the '845 Registration for ZOX but for the material representations made by the Kuipers Brothers to the U.S. Patent & Trademark Office in the '364 Application.

/ / /

/ / /

36

173.   The issuance of a registration based on the Kuipers Brothers' claim of ownership of a registration issued based on an invalidly assigned registration to the U.S. Patent & Trademark Office warrants cancellation of Respondent's '845 Registration for ZOX.

174.   Issuance and maintenance of the wrongly procured registration for the mark ZOX has caused injury and damage to the Zox Brothers.

175.   The issuance of a registration on any pending application of the Kuipers Brothers' based on the Kuiper Brothers' claim of ownership of a registration issued based on an invalidly assigned registration to the U.S. Patent & Trademark Office should be refused.

176.   The Zox Brothers have sustained and are entitled to recover actual and treble damages, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117, 1120 and injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT V
### (CA Unfair Competition Law, Cal. Bus. & Prof. Code § 17200)

177.   The Zox Brothers repeat and reallege Paragraphs 1 through 176 of this Complaint as if fully set forth herein.

178.   The Kuipers Brothers' acts as complained of herein constitute unfair and deceptive trade practices affecting the conduct of trade or commerce in violation of California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

179.   By virtue of the acts complained of herein, the Kuipers Brothers have intentionally (1) caused a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services, (2) caused a likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another, (3) represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have, (4) disparaged the goods, services, or business of another by false or misleading representations of fact; (5) falsely passed off goods or services as those of another, and (6) used deceptive representations in connection with goods or services.

/ / /

180.   The Kuipers Brothers' acts complained of herein constitute unlawful, unfair, malicious or fraudulent business practices, which have injured and damaged the Zox Brothers.

181.   As a direct and proximate result of the Kuipers Brothers' acts complained of herein, the Zox Brothers have and will continue to suffer great harm. The Zox Brothers will continue to be irreparably harmed unless the Kuipers Brothers are enjoined from further committing unfair and unlawful business practices against the Zox Brothers.

## COUNT VI
### (Common Law Trademark Infringement)

182.   The Zox Brothers repeat and reallege Paragraphs 1 through 181 of this Complaint as if fully set forth herein.

183.   This is an action for trademark infringement under the common law of the State of California.

184.   The Kuipers Brothers' acts as complained of herein are likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval and therefore constitute trademark infringement in violation of the common law. The Kuipers Brothers' aforementioned acts are willful and deliberate and committed with knowledge that the Kuipers Brothers' unauthorized use of its Infringing Marks will cause a likelihood of confusion.

185.   The Kuipers Brothers' aforementioned acts have injured John Zox and damaged John Zox in an amount to be determined at trial.

186.   By its actions, the Kuipers Brothers have irreparably injured John Zox. Such irreparable injury will continue unless the Kuipers Brothers are preliminarily and permanently enjoined by this Court from further violation of John Zox's rights, for which John Zox has no adequate remedy at law.

/ / /

/ / /

/ / /

187.   The Kuipers Brothers' willful acts of trademark infringement under California common law constitute fraud, oppression and malice. Accordingly, John Zox is entitled to exemplary damages.

### COUNT VII
### (Deprivation of Rights of Publicity Violation of California Civil Code § 3344)

188.   The Zox Brothers repeat and reallege Paragraphs 1 through 187 of this Complaint as if fully set forth herein.

189.   The Kuipers Brothers have knowingly and intentionally utilized John Zox's name on products, merchandise, or goods, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without John Zox's prior consent,.

190.   As a result of the Kuipers Brothers' misappropriation of John Zox's publicity rights, John Zox has been injured.

### COUNT VIII
### (Violation of Rights of Publicity, California Common Law)

191.   The Zox Brothers repeat and reallege Paragraphs 1 through 190 of this Complaint as if fully set forth herein.

192.   The Kuipers Brothers have utilized and continue to utilize the name and identity of John Zox on the Kuipers Brothers' merchandise without consent form John Zox and for the Kuipers Brothers' own commercial advantage.

193.   As a result of the Kuipers Brothers' misappropriation of John Zox's publicity rights, John Zox has been injured.

### COUNT IX
### (Declaratory Judgment of Non-Infringement Under 28 U.S.C. § 2201)

194.   The Zox Brothers repeat and reallege Paragraphs 1 through 193 of this Complaint as if fully set forth herein.

195.   An actual case or controversy exists as to whether the Kuipers Brothers' purported trademarks are infringed by the Zox Brothers.

196. The Zox Brothers have prior rights in the mark ZOX, and thus, have not infringed any trademark rights of the Kuipers Brothers.

197. The Kuipers Brothers' demands require an immediate adjudication of the rights of the parties before either party suffers damage.

198. A judicial declaration of non-infringement is necessary and appropriate to resolve this controversy.

199. The Zox Brothers are entitled to seek declaratory judgment pursuant to 28 U.S.C. §2201 that the Zox Brothers do not infringe any alleged trademark rights of the Kuipers Brothers.

## COUNT X

### (Declaratory Judgment of Invalid Assignment Under 28 U.S.C. § 2201)

200. The Zox Brothers repeat and reallege Paragraphs 1 through 199 of this Complaint as if fully set forth herein.

201. An actual case or controversy exists between the Zox Brothers and the Kuipers Brothers concerning their rights with respect to the Zox Brothers' rights to use the ZOX Marks. As discussed herein, the Kuipers Brothers' original rights in the '231 Registration for ZOX STRAPS—and all subsequent registrations—were obtained based on an assignment of the '108 Registration to the Kuipers Brothers.

202. The Zox Brothers deny that the Kuipers Brothers have any valid rights in the '108 Registration by virtue of the assignment and claim that the assignment is invalid.

203. Additionally, throughout the TTAB proceedings, the Kuipers Brothers have claimed prior rights in their Infringing Marks over the Zox Brothers rights in their ZOX Marks based on the assignment of the '108 Registration to the Kuipers Brothers and any common law rights surviving thereto in the word portion of the mark.

204. The Zox Brothers' claims require an immediate adjudication of the rights of the parties before either party suffers damage.

205. A judicial declaration that the assignment of the '108 Registration is invalid is necessary and appropriate to resolve this controversy.

206.   The Zox Brothers are entitled to seek declaratory judgment pursuant to 28 U.S.C. §2201 that the assignment of the '108 Registration is invalid and therefore the Zox Brothers have prior rights in their ZOX Marks.

**PRAYER FOR RELIEF**

WHEREFORE, the Zox Brothers request that this Court Order:

A.     That judgement is entered in favor of the Zox Brothers and against the Kuipers Brothers on each claim asserted in this action;

B.     That the Kuipers Brothers, their agents, servants, employees, attorneys, successors, and assigns, including officers and principals of the Kuipers Brothers, and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

1. using to market, advertise, promote, distribute, sell, offer for sale, and/or identify the Kuipers Brothers' goods and/or services the mark ZOX or any other mark that is confusingly similar to the ZOX Marks, or is likely to create the erroneous impression that the Kuipers Brothers' goods or services originate from the Zox Brothers, are endorsed by the Zox Brothers, or are connected in any way with the Zox Brothers;

2. filing any applications for registration of any trademarks or service marks confusingly similar to the ZOX Marks;

3. otherwise infringing the Zox Brothers' ZOX Marks;

4. falsely designating the origin of the Kuipers Brothers' goods and/or services;

5. unfairly competing with the Zox Brothers in any manner whatsoever; and

6. causing a likelihood of confusion or injury to the Zox Brothers' business reputation.

/ / /

41

C.      That the Kuipers Brothers be directed to file with this Court and serve on the Zox Brothers within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which the Kuipers Brothers have complied with the injunction pursuant to 15 U.S.C. § 1116;

D.      That the Kuipers Brothers be required to delivery and destroy within thirty (30) days all devices, literature, advertising, packaging, goods and other materials bearing the Infringing Marks pursuant to 15 U.S.C. § 1118;

E.      That the Kuipers Brothers be required to account to the Zox Brothers for any and all profits derived by the Kuipers Brothers and all damages sustained by the Zox Brothers by virtue of the Kuipers Brothers' acts complained of herein;

F.      That the Kuipers Brothers be ordered to pay over to the Zox Brothers all damages the Zox Brothers have sustained as a consequence of the acts complained of herein, subject to proof at trial;

G.      That the Zox Brothers be awarded damages including disgorgement of the Kuipers Brothers' profits due to their infringement, pursuant to 15 U.S.C. § 1117, together with prejudgment and post-judgment interest;

H.      That this case be deemed exceptional and that the amount of the damages be trebled and that the amount of profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

I.      That the Kuipers Brothers' actions be deemed willful;

J.      That the Zox Brothers recover exemplary damages pursuant to California Civil Code § 3294;

K.      That interest be awarded on all applicable damages under California Civil Code § 3288; and

L.      Declare that the Zox Brothers have not and do not infringe any of the Kuipers Brothers' alleged trademarks;

M.      Declare that the Kuipers Brothers' Infringing Marks and corresponding trademark registrations and applications are invalid and/or unenforceable;

42

N.      That the United States Patent and Trademark Office is directed to cancel U.S. Registrations Nos. 4412948, 4465691, 4759961, and 5233845;

O.      That the Kuipers Brothers are directed to expressly abandon U.S. Trademark Applications Serial Nos. 88659217, 87802788, 88582471, 88582432, 88657096, and 88829957;

P.      That the Zox Brothers are awarded their costs, disbursements, and reasonable attorneys' fees (including expert fees) as provided for by law; and

Q.      That the Zox Brothers are awarded such other and further relief as it may deem just and proper.

Respectfully submitted,

Dated: April 28, 2021          By: _/s/ Lauren Keller Katzenellenbogen_

Michael K. Friedland
Lauren Keller Katzenellenbogen
KNOBBE, MARTENS, OLSON & BEAR, LLP

Sarah I. Cohen
Darren M. Geliebter
Eric J. Huang
LOMBARD & GELIEBTER LLP

Attorneys for Defendants,
John Zox, Daniel Zox, and Andrew Zox

/ / /

/ / /

43

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Zox Brothers request a trial by jury of all issues so triable.

Respectfully submitted,

Dated: April 28, 2021          By: */s/ Lauren Keller Katzenellenbogen*

Michael K. Friedland
Lauren Keller Katzenellenbogen
KNOBBE, MARTENS, OLSON & BEAR, LLP

Sarah I. Cohen
Darren M. Geliebter
Eric J. Huang
LOMBARD & GELIEBTER LLP

Attorneys for Defendants,
John Zox, Daniel Zox, and Andrew Zox

34871313

44