# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOX LLC, a California limited liability company,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>JOHN ZOX, an individual, DANIEL ZOX, an individual, and ANDREW ZOX, an individual, and DOES 1-10, Inclusive,<br><br>Defendants/Counter-Plaintiffs/Third-Party Plaintiffs,<br><br>v.<br>JASON KUIPERS, an individual, BRANDON KUIPERS, an individual and JORDAN KUIPERS, an individual,<br><br>Third-Party Defendants. | Case No. 2:21-cv-01609-PA (SKx)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL [ECF 56]** |

Plaintiff Zox LLC moves to compel Defendants John, Daniel, and Andrew Zox to (1) amend their responses to certain requests for production of documents ("RFPs"); (2) produce documents (and a privilege log, as applicable) responsive to certain other RFPs; and (3) provide further—and verified—responses to certain interrogatories. (ECF 56-1). Plaintiff's motion is granted in part and denied in part:

1.  Defendants are ordered to amend their written responses to the following RFPs: John Zox RFP Nos. 2-35; Andrew and Daniel Zox RFP Nos. 1, 6-10, 12-17, 20-25. Even though Defendants produced some documents in answer to those RFPs, their current objections and responses violate Rule 34 of the Federal Rules of Civil Procedure, as amended in December 2015, because they contain prohibited general or boilerplate objections and fail to specify whether responsive documents are being withheld based on a specific stated objection. *See* 2015 Adv. Comm. Notes to Fed. R. Civ. P. 34; *see also Katz v. Shell Energy N. Am. (US), LP*, __F. Supp. 3d__, 2021 WL 4477626, at *2 (D. Mass. Sept. 30, 2021); *Infanzon v. Allstate Ins. Co.*, 335 F.R.D. 305, 311 (C.D. Cal. 2020); *Smash Tech., LLC v. Smash Sols., LLC*, 335 F.R.D. 438, 446 (D. Utah 2020); *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018); *Ceuric v. Tier One, LLC*, 325 F.R.D. 558, 561 (W.D. Pa. 2018); *Liguria Foods, Inc. v. Griffith Lab'ys, Inc.*, 320 F.R.D. 168, 186 (N.D. Iowa 2017). Those deficient responses thus leave Plaintiff—and the Court—guessing whether Defendants have completed their document productions and whether they are withholding otherwise responsive documents based on specific stated objections. Yet that "confusion" is precisely what the 2015 amendments to Rule 34 were intended to "end." 2015 Adv. Comm. Note to Fed. R. Civ. P. 34(b)(2)(C). If, after amending their written responses to the RFPs outlined above, Defendants must supplement their existing document productions,

1

they must do so by reasonable deadlines agreed to by Plaintiff or as otherwise ordered below—all of course consistent with the district court's discovery cutoff.

   2. Defendants Andrew and Daniel Zox are ordered to produce—in part—non-privileged documents responsive to the following joint or identical RFPs directed to them: RFP Nos. 2-5, 11, and 31-32. Specifically, they are ordered to produce only the final business plans and documents given or presented to investors for their film and video businesses since 2011 up to the filing of Plaintiff's complaint. They are also ordered to produce final annual income (profit and loss) statements—or their functional equivalents, whether audited or not, with the same types of information that would be included in a standard income (profit and loss) statement—for their film and video businesses, including on their VIMEO platform, since 2011 up to the filing of Plaintiff's complaint. These documents are relevant to the parties' claims, counterclaims, or defenses (ECF 1 at 21; ECF 34 at 3, 6, 18-21, 31-41, 45; ECF 56-1 at 11-12, 14-15, 39-40, 62), and they are proportional to the needs of the case, especially when limited to a ten-year period. *See* Fed. R. Civ. P. 26(b)(1). In all other respects, Plaintiff's motion to compel for these RFPs is denied.

   3. Plaintiff's motion to compel for Andrew and Daniel Zox RFP Nos. 18-19, 26-30 are likewise denied. Even if marginally relevant, documents identifying Defendants' manufacturers and suppliers of film or video equipment and their customer lists are not proportional to the needs of the case. The cost and revenue information from the income (profit and loss) statements ordered to be produced here should be sufficient proxies for the requested information when balanced against the importance of the requested discovery in resolving the material disputed issues and considering the costs and burdens of that discovery relative to its likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

4.     Defendant John Zox is ordered to produce additional annual royalty statements from 2009 to the filing of Plaintiff's complaint in response to RFP No. 11.  That information is both relevant to the parties' claims, counterclaims, or defenses and proportional to the needs of the case.  See Fed. R. Civ. P. 26(b)(1).

5.     Unless otherwise agreed to by Plaintiff, Defendants are ordered to complete any new or supplemental document productions ordered here within ten days of this order.  See 2015 Adv. Comm. Note to Fed. R. Civ. P. 34(b)(2)(B) ("The production must be completed either by the time for inspection specified in the request or by another reasonable time specifically identified in the response. When it is necessary to make the production in stages the response should specify the beginning and end dates of the production."); accord Evox Prods. v. Kayak Software Corp., 2016 WL 10586303, at *4 (C.D. Cal. June 14, 2016) (responses that do "not specify the date for completion of [] production" violate amended Rule 34); Fischer v. Forrest, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) ("[R]esponses [that] do not indicate when documents and ESI that defendants are producing will be produced" violate amended Rule 34).  Privilege logs must be provided contemporaneously with their corresponding document productions.  See Fed. R. Civ. P. 26(b)(5)(A).  Naturally, the parties are expected to communicate and cooperate about deadlines:  requesting parties may not unreasonably refuse to extend deadlines for rolling productions or privilege logs, nor may responding parties seek extensions for purposes of delay or to cover for lack of diligence.  The rules of diligence, reason, and civility always apply regardless of any court order. Nothing in this order, however, is intended to change or affect the discovery cutoff set by the district court, nor may the parties rely on the mere fact of this order— without explaining why their discovery dispute had to be raised so close to the discovery cutoff in the first place—to justify a requested extension of the discovery cutoff.

6. The parties are reminded that Rule 26(e) provides no safe harbor to responding parties for belated productions that they could or should have made sooner with due diligence and reasonable inquiry. *See In re Delta/AirTran Baggage Fee Antitrust Litig.*, 846 F. Supp. 2d 1335, 1357-58 (N.D. Ga. 2012); Fed. R. Civ. P. 26(g)(1). Rule 26(e), in other words, imposes an obligation to supplement prior document productions when new information that could not have reasonably been discovered before is found; it is not a license to produce documents whenever they may happen to be found so long as it happens to be before the fact discovery cutoff. There is no such "discovery is ongoing" escape hatch to excuse unjustified and unnoticed late or last-minute productions. Any responsive documents produced late without good reason for why they were not searched for and produced sooner may subject the responding party to sanctions under Rule 37(b)(2)(A) and (C). *See also* Fed. R. Civ. P. 37(c)(1); Fed. R. Civ. P. 26(g)(3).

7. If not already done, Defendants are ordered to provide within seven days of this order *verified* responses to those interrogatories that they have otherwise completely answered but for their verifications. *See* Fed. R. Civ. P. 33(b)(3), (b)(5). To the extent that the substance or completeness of Defendants' responses to Andrew and Daniel Zox Interrogatory Nos. 1-3, 7, and 9 remain in dispute (it is unclear from the supplemental memoranda whether they are now moot), they are ordered to amend their responses consistent with and by reference to the disclosures of the annual income (profit and loss) statements for Defendants' film and video businesses ordered to be produced here. Finally, as for John Zox's responses, it appears that he has supplemented the substance of most of the disputed interrogatories (ECF 67-1 at 78-89), and Plaintiff does not argue otherwise in its supplemental memorandum. Therefore, other than the need for

these responses to be verified, Plaintiff's motion to compel any further responses from John Zox is denied as moot.

\* \* \* \* \* \* \*

The hearing on Plaintiff's motion to compel noticed for December 22, 2021 is vacated. Both sides must bear their own costs and expenses to litigate this motion. However, the Court reserves the right to retroactively impose or apportion an award of attorney's fees incurred to litigate this motion—on top of any other discovery sanctions that may be authorized or compelled—if the parties fail to comply with this order or otherwise fail to cooperate in ongoing discovery consistent with the letter and spirit of this order.

IT IS SO ORDERED.

Dated: December 14, 2021     By: _____
STEVE KIM
United States Magistrate Judge