DANIEL M. CISLO (SBN 125378)
dan@cislo.com
KATHERINE M. BOND (SBN 263020)
kbond@cislo.com
DAVID B. SANDELANDS (SBN 198252)
dsandelands@cislo.com
KELLY W. CUNNINGHAM (SBN 186229)
kcunningham@cislo.com
CISLO & THOMAS LLP
12100 Wilshire Blvd., Ste. 1700
Los Angeles, CA 90025
Telephone: (310) 979-9190

Attorneys for Plaintiff/Counterclaim-Defendant/Third Party Defendants
ZOX LLC, JASON KUIPERS,
BRANDON KUIPERS, JORDAN KUIPERS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ZOX LLC,
Plaintiff/Counter-Defendant,

v.

JOHN ZOX, et al.,
Defendants/Counterclaimant/Third Party Plaintiffs,

v.

JASON KUIPERS, an individual, BRANDON KUIPERS, an individual and JORDAN KUIPERS, an individual,
Third Party Defendants.

Case No.: 2:21-cv-01609-PA-SK

Judge Percy Anderson

**PLAINTIFF AND COUNTER-DEFENDANT ZOX LLC'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGEMENT**

**Hearing Date: January 10, 2022**
**Final Pretrial Conf.: Feb. 4, 2022**
**Trial Date: March 8, 2022**
**Proposed Trial Date: April 19, 2022**

# TABLE OF CONTENTS

I. ZOX BROTHERS' LACHES AND PROGRESSIVE ENCROACHMENT ARGUMENTS FAVOR ZOX LLC ..... 3

A. Laches Bars Zox Brothers Because their Evidence of Encroachment by Zox LLC Occurred Over a Decade Ago ..... 3

B. Zox Brothers' Alleged Issues of Fact Under the *E-Systems* Factors Are Neither Genuine nor Material ..... 5

(1) Zox Brothers' Asserted Mark Is Not Strong ..... 5

(2) Zox Brothers Never Enforced the Mark ZOX for Clothing ..... 7

(3) No Harm to Zox Brothers if Laches Bars Relief It Seeks ..... 8

(4) The Good Faith Ignorance of Zox LLC ..... 8

(5) There is No Significant Competition Between the Parties ..... 9

(6) Zox LLC Would Be Harmed if Laches Does Not Bar Relief ..... 9

II. LACHES INDEED BARS ZOX BROTHERS' STATE LAW COUNTERCLAIMS IF CONTINUING TORTS; OTHERWISE, STATUTES OF LIMITATIONS BAR THEM DIRECTLY ..... 10

III. ZOX BROTHERS DO NOT CONTRADICT THE FACT THAT LACHES DOES BARS THEIR COUNTERCLAIM FOR A DECLARATION OF AN INVALID ASSIGNMENT ..... 11

IV. ZOX BROTHERS PROVIDE NO EVIDENCE THAT ZOX LLC'S REGISTRATION FIRST USE DATES ARE NOT TRUE ..... 11

V. ZOX BROTHERS DO NOT SHOW THAT THE DISPUTED ASSIGNMENT WAS "IN GROSS," FRAUDULENT IN ANY WAY, OR "USED" TO OBTAIN OTHER TRADEMARK REGISTRATIONS ..... 12

VI. CONCLUSION........................................................................................13

-ii-
ZOX LLC'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGEMENT

# TABLE OF AUTHORITIES

**Cases**

*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924 (N.D. Cal. 2016) ....................6

*Hansen v. United States*, 7 F.3d 137 (9th Cir. 1993) ....................8

*JIPC Mgmt., Inc. v. Incredible Pizza Co., Inc.*, 2009 WL 10671438 (C.D. Cal. June 24, 2009) ....................7

*Nelson v. City of Davis*, 571 F.3d 924 (9th Cir. 2009) ....................6

*United States v. Castro-Juarez*, 654 F. App'x 364 (9th Cir. 2016) ....................8

*Van Asdale v. International Game Tech.*, 577 F.3d 989 (9th Cir. 2009) ....................6

Upon reading Zox Brothers' opposition, as well as their own motion for partial summary judgment, it is clear that both parties argue that the laches of the other party blocks years-old Lanham Act claims [*see*, Dkt 70, at pp. 8-15; and *cf*. Dkt. 58, at pp. 15-21], and both parties argue that progressive trademark encroachment of the other party blocks their laches claims. [*see*, Dkt 70, at pp. 6-7; and *cf*. Dkt 91, at pp. 9-10]. This greatly simplifies this Court's determination here, which is now, "Who is encroaching whom, and whose laches claims are legitimate?"

Zox LLC has been using ZOX in connection with wristbands and shirts continuously since at least August 2011 (UF No. 18) and has enjoyed a federal trademark registration proclaiming this fact since January 2014. (UF No. 18). This registration demonstrates that Zox LLC dropped the descriptive term, STRAPS, of its original mark for over a decade ago, too. (UF No. 18). This really was never any encroachment into Zox Brothers' live musical performances, sound recordings, and film and video production services, but if it were, it took place over a decade ago.

Zox Brothers, on the other hand, in 2016, when the Trademark Office told them ZOX for clothing and accessories had already been registered to Zox LLC, they dropped the entire clothing and accessories portion from their '997 application. (UF Nos. 65-66). In fact, even before they ever purportedly decorated a single shirt with a Zox logo, ZOX for clothing had already been registered to someone else (not Zox LLC at that time). (UF Nos. 8-13). Neither Zox band or Zox Brothers apparently had ever cared to look to see if ZOX was available for clothing or accessories. (UF No. 113). In fact, it was Zox LLC who went to that someone else and obtained that federal trademark registration, thus policing ZOX in the marketplace for clothing. (UF Nos. 13-15).

Then, in 2018, John Zox reversed course and began to progressively encroach on Zox LLC's ZOX for clothing and accessories. (UF No. 68). When the Trademark Office again told Mr. Zox that ZOX for clothing and accessories had already been registered, he again dropped the clothing and accessories (in Class 25) portion from

his ’839 application, but he kept in all sorts of goods strikingly close to wristbands and shirts: stickers and transfers, in Class 16; non-metal identification bracelets, in Class 20; string, and “all-purpose straps comprised of synthetic textile materials,” in Class 22; fabrics for textile use, in Class 24; and arm bands, hair bands, and shoe laces, in Class 26. (UF No. 68).

This is progressive encroachment. And it was this, and this alone, that precipitated the present action. Zox LLC timely opposed this application (UF No. 78), Zox Brothers retaliated by belatedly petitioning to cancel Zox LLC’s registrations (UF No. 79-82), and Zox LLC then filed the complaint that initiated the present action. [Dkt. 1].

Indeed, Zox Brothers is progressively encroaching with the look of their mark, modified to look more like a ribbon or band, like Zox LLC’s wristbands and logo:

John Zox’s Stylized Mark (2007 – pres.) John Zox’s Stylized Mark (2021 – pres.) [Dkt. 33, p. 14:9-28].

Zox LLC’s Logo (2011 - pres.), subject of Zox LLC’s federal application (3/11/2020 - pres.), formally opposed by Zox Brothers (10/20/2020 - pres.) (UF Nos. 29, 82).

The rest of Zox Brothers’ opposition brief is largely misdirection. Zox LLC does not complain of John Zox’s use of ZOX for live performances or sound recordings or Andrew and Daniel Zox’s film and video production services (although it is hornbook trademark law that the Zox Brothers cannot maintain a trademark for

ZOX because none of them ever controlled or even had the right to control the quality of the other's goods or services (UF No. 64)).

In reality, John Zox thinks he came up with the ZOX mark and is trying to cash in at Zox LLC's expense. (UF No. 114). By contrast, Zox LLC is the only party that is seriously in the business of using ZOX commercially for clothing and accessories, and it seeks only to keep John Zox and the Zox Brothers from progressively encroaching on Zox LLC's legitimate clothing and accessories business, which Zox LLC has heavily invested in and has carefully nurtured and grown for over a decade now.

For each of the above reasons, discussed in more detail below, Zox LLC requests that the Court grant its motion for summary judgment.

## I.  ZOX BROTHERS' LACHES AND PROGRESSIVE ENCROACHMENT ARGUMENTS FAVOR ZOX LLC

### A.  Laches Bars Zox Brothers Because their Evidence of Encroachment by Zox LLC Occurred Over a Decade Ago

Zox LLC has been using ZOX in connection with wristbands and shirts continuously since at least August 2011 (UF No. 18) and has enjoyed a federal trademark registration proclaiming this fact since January 2014. (UF No. 18). This really was never encroachment into Zox Brothers' live musical performances, sound recordings, and film and video production services, but even if it were, it took place over a decade ago. Also, Zox LLC has been using ZOX alone, without the descriptive term, STRAPS, of its original mark for over a decade ago, too. (UF No. 18). Zox Brothers' laches period commenced after all of these movements.

Contrary to Zox Brothers' opposition, Zox LLC is not and has never been in the business of offering entertainment services. Zox Brothers was apparently on a mission to obtain deposition testimony from any of the Kuiper brothers that Zox LLC

had begun offering entertainment services. These efforts to obtain such testimony was laughable, but, in the end, dishonest. (*See*, UF No. 115).

In fact, Zox Brothers were the ones who committed progressive encroachment in this case. In 2018, John Zox began progressively encroaching on Zox LLC's business by filing a federal trademark application for goods that are strikingly similar to Zox LLC's ZOX mark for clothing and accessories. (UF No. 68). Upon examining Mr. Zox's trademark application, the Trademark Office told Mr. Zox that ZOX for clothing and accessories had already been registered by Zox LLC. (UF No. 88). In response, Mr. Zox dropped the clothing and accessories (in Class 25) portion from his application but kept in all sorts of goods strikingly close to wristbands and shirts: stickers and transfers, in Class 16; non-metal identification bracelets, in Class 20; string, and "all-purpose straps comprised of synthetic textile materials," in Class 22; fabrics for textile use, in Class 24; and arm bands, hair bands, and shoe laces, in Class 26. (UF No. 68).

Additionally, in or about 2021, according to John Zox, Zox Brothers developed their new logo that looks like a strap formed into the letters ZOX, much like Zox LLC's product and logo [Dkt. 33 at p. 14:9-28; *cf.* Dkt. 1 at pp. 17:9-15 and 7:7-8], and began placing it on hoodies for the first time in or about 2021. [Dkt. 1 at p. 3:1-14].

This is progressive encroachment by Zox Brothers, and it was this, and this alone, that precipitated the present action. Zox LLC timely opposed this application (UF No. 78), Zox Brothers retaliated by belatedly petitioning to cancel Zox LLC's registrations and applications (UF No. 79-82), and Zox LLC then filed the complaint that initiated the present action. [Dkt. 1].

///

///

///

### B. Zox Brothers' Alleged Issues of Fact Under the *E-Systems* Factors Are Neither Genuine nor Material

#### *(1) Zox Brothers' Asserted Mark Is Not Strong*

Zox Brothers claims that Zox LLC submitted no actual evidence of Zox Brothers' miniscule merchandise sales, but the actual sales figures were not determinable by Zox LLC until after the Court's December 13, 2021 deadline to file dispositive motions -- at no fault of Zox LLC. Indeed, Zox LLC service its notices on September 17, 2021 for the depositions of each of the Zox Brothers, scheduling the deposition for John Zox to take place on October 27, 2021. (UF No. 116). Nearly a month later, on October 15, counsel finally informed Zox LLC that the Zox Brothers were not available on the noticed dates. (UF No. 116). Despite many attempts to obtain alternative dates, Zox Brothers never proposed new dates until November 2, 2021, when they finally proposed Dec. 8, 10 and 14 for the three brothers. (UF No. 116). Zox LLC immediately accommodated these dates, taking Andrew Zox's deposition on December 8, Daniel Zox's deposition on December 10, and John Zox's deposition on December 14. (UF No. 116). Unfortunately, December 14 was the day after the Court's deadline for the parties to file their respective dispositive motions. Thus, the testimony from John Zox was available Zox LLC only after the Court's deadline. (UF No. 116).

At the deposition of John Zox, Mr. Zox testified that, although there is no way to tell from Exhibit 75 which merchandise items were sold in each line, it indeed constituted "the full credit card sales from [the 2014] show" (UF No. 117). Also, his Exhibit 76 listed the last purported merchandise sale from the 2008 show as April 30, 2008. (UF No. 118). He also testified that he did not have any shows in 2012, 2013, or 2015, and that he did not sell any clothing items at his 2016 show, which really was just his band member's wedding reception. (UF No. 119). Also, as for his purported shows in 2010 and 2011, he does not recall selling essentially any clothing merchandise. (UF No. 120).

Mr. Zox also claims that he has sold merchandise through Zazzle.com since 2016. Zox LLC had to subpoena these records, however, which show just $219 in sales of any merchandise from inception to the day Zox LLC precipitated this action by filing its notice of opposition to Mr. Zox's encroaching '839 federal trademark application. (UF Nos. 121, 68, and 78).

In sum, Zox Brothers' merchandise sales -- even if taken in the light most favorable to Zox Brothers -- were indeed "miniscule sales" -- amounting to just $2135 of revenue over the 11½ years preceding the dispute (May 1, 2008 - December 10, 2019) that precipitated the present action. (UF Nos. 122).

This qualifies under any definition of "miniscule sales."

Zox Brothers' only attempt to oppose Zox LLC's allegation and this deposition testimony from John Zox, comes in John Zox's declaration, and it amounts to a single sentence and a single that, "Since 1998, I have continuously sold a great variety of goods and services, including ZOX clothing, t-shirts, stickers, and other merchandise ..." [Dkt. 92-2, p. 2:12-13] and a single, undated photograph of a hoodie and two shirts [Dkt. 92-2, p. 3]. A party, however, cannot create an issue of fact by submitting a declaration contradicting his prior deposition testimony. *Van Asdale v. International Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009). If a party could raise an issue of fact simply by submitting a declaration contradicting his own prior testimony, it "would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Nelson v. City of Davis*, 571 F.3d 924, 928 (9th Cir. 2009) ("[I]). This 'sham affidavit' rule, in a nutshell, "bars a party opposing summary judgment from filing a declaration that purports to impeach his or her own prior sworn testimony." *Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 941 (N.D. Cal. 2016).

Zox Brothers' marks, therefore, are weak, and especially weak in connection with any merchandise, such as clothing and accessories.

### *(2) Zox Brothers Never Enforced the Mark ZOX for Clothing*

Zox Brothers never enforced ZOX as a trademark for clothing or accessories against anyone. Zox Brothers, today, would like this Court to declare that they should have rights in clothing and accessories stretching back to 2003, but before they filed their offending '839 application on December 13, 2018, they themselves never acted as if they had or cared to have any rights in ZOX for clothing and accessories. They did not even know of Zox International's use or registration of ZOX for a wide array of clothing and accessories in Class 25, without any good explanation why. (UF No. 113).

They learned about Zox LLC in 2013 but never acted on it, even after the United States Patent and Trademark Office granted Zox LLC a federal trademark registration for ZOX for shirts in Class 25 on January 14, 2014. (UF Nos. 8-10, 16-18, and 113). They never filed for clothing or accessories, other than briefly in their 2016 application, but even then, they quickly dropped clothing from their 2016 application after the Trademark Office brought to their attention Zox LLC's federal trademark registration for ZOX for shirts in Class 25. (UF Nos. 62, 65, and 66).

That is not diligent enforcement of a trademark right they now claim they owned back then. By contrast, Zox LLC bought up Zox International's rights to ZOX for clothing in 2013 and the business that pertained to it, registered its own ZOX mark for shirts in 2014, and opposed John Zox's progressively encroaching 2018 trademark application for containing many related goods, thereby diligently enforcing and policing the use of ZOX in the fields of clothing, apparel, and accessories. (UF Nos. 18, 78). The senior user of a mark in connection with a particular class of goods may "tolerate *de minimis* or low-level infringements while retaining the right to 'act promptly when [the] junior user either gradually edges into causing serious harm or suddenly expands or changes its mark' such that it comes squarely into competition with the senior." *JIPC Mgmt., Inc. v. Incredible Pizza Co., Inc.*, 2009 WL 10671438 at *6 (C.D. Cal. June 24, 2009).

***(3) No Harm to Zox Brothers if Laches Bars Relief It Seeks***

Zox Brothers make no claim that they would be harmed by an assertion of laches in this case. Zox LLC, in its moving papers and with respect to the lack of a strong mark or any diligent enforcement, *supra*, showed why. Zox LLC has shown that Zox Brothers' purported sales of any merchandise were miniscule for the 11½ years preceding the present action and that Zox Brothers never treated clothing and accessories as an area in which it had any trademark ownership or exclusive rights. (*See*, Subsections 1 and 2, immediately *supra*).

"A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *United States v. Castro-Juarez*, 654 F. App'x 364, 366 (9th Cir. 2016). A party, in opposing summary judgment, "cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact." *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

***(4) The Good Faith Ignorance of Zox LLC***

Zox Brothers did not provide any evidence that contradicts Zox LLC's evidence that, by September 15, 2011, when Zox LLC began using ZOX for wristbands and shirts, the Zox band had allowed even their service mark registrations to lapse (UF Nos. 57-58). The band had broken up (UF No. 54), and Zox LLC never encountered -- and there was simply no reason why Zox LLC would have ever encountered -- any clothing from a minor, dissolved Rhode Island musical group.

Indeed, by May 31, 2013, when Zox LLC filed its trademark application for ZOX for wristbands and shirts in Class 25, the Zox band had had a grand total of three small reunion shows in the same small venue in Rhode Island. Zox LLC, by contrast, was a California company selling wristbands and shirts decorated with inspirational sayings throughout the United States and in 36 countries.

By contrast, by the time Zox Brothers began using ZOX on clothing merchandise, it had constructive knowledge of the '108 federal trademark registration for ZOX for a multitude of clothing and apparel items. (UF Nos. 8-10, 16-18, and 113). And, by the time they filed their 2016 trademark application that contained clothing goods in Class 25, they had already known about Zox LLC's use of ZOX for wristbands and had constructive knowledge of Zox LLC's use of ZOX for shirts. (UF Nos. 123).

***(5) There is No Significant Competition Between the Parties***

Zox Brothers claimed that "there is no dispute that the Zox Brothers and the Kuipers sell some products that are identical -- shirts and sweatshirts bearing the name ZOX." This is not true. Zox Brothers have provided no evidence that they sell shirts or sweatshirts -- other than the one undated photo on page 3 of John Zox's declaration. Zox Brothers' purported sales of any merchandise at all are miniscule at best (*see*, Subsection 1, *supra*). Such paltry sales, even if indeed any are clothing items, qualify as miniscule by any definition.

There is, therefore, no competition to speak of between Zox LLC and Zox Brothers.

***(6) Zox LLC Would Be Harmed if Laches Does Not Bar Relief***

Zox Brothers do not contradict Zox LLC's showing regarding its investments in and growth of its business. Rather, Zox Brothers claim this growth was evidence of progressive encroachment, but cited only Zox LLC's expansion "from elastic bracelets to clothing and entertainment." [Dkt. 91, p. 14:8-11]. The problem with this argument is that Zox LLC expanded into clothing ***<u>in 2011</u>*** and expanded into entertainment services ***<u>never</u>***. This latter point demonstrates Zox Brothers' dishonesty. Their attorney repeatedly asked Brandon and Jordan Kuipers in deposition whether Zox LLC now provides entertainment services. Both brothers were dumfounded with the line of questions. Brandon repeatedly answered, "It depends on what you mean by entertainment services." (UF No. 115). The

exchanges demonstrate that Zox LLC is not in the business of offering entertainment services and that the attorney had no business asking these lay witnesses these questions about such a layered legal term of art.

Any encroachment by Zox LLC, if at all, occurred more than a decade ago.  It went from ZOX STRAPS to ZOX in 2011 as well as venturing into selling shirts in 2011, and shortly thereafter obtained a federal trademark registration on January 14, 2014 proclaiming both of these changes.  (UF No. 18).

Moreover, in his deposition, John Zox testified that, since he came up with the ZOX mark, he should be compensated for every sale of a ZOX item by Zox LLC -- as well as being compensated even if Zox LLC should at some point sell its company. (UF No. 114).  This would constitute additional harms to Zox LLC should the relief Zox Brothers seek in this case not be barred by laches.

Thus, Zox LLC's showing of harm to Zox LLC, its substantial investments into the business, goods, and trademark, as well as its growth in employing workers and giving to charitable causes, are effectively unopposed.

## II. LACHES INDEED BARS ZOX BROTHERS' STATE LAW COUNTERCLAIMS IF CONTINUING TORTS; OTHERWISE, STATUTES OF LIMITATIONS BAR THEM DIRECTLY

As Zox Brothers seem to admit, the statutes of limitations for the State law claims might well deserve to act as a complete bar, since they have asserted their State law claims are long after the passing of the applicable limitations periods.  On the other hand, in an abundance of caution, should the Court hold that the State law claims constitute continuing torts, similar to Zox Brothers' essentially identical Lanham Act claims, the Court should apply the statute of limitations in its determination of whether Zox Brothers is barred by laches.

///

## III. ZOX BROTHERS DO NOT CONTRADICT THE FACT THAT LACHES DOES BARS THEIR COUNTERCLAIM FOR A DECLARATION OF AN INVALID ASSIGNMENT

Zox Brothers claims that it had no reason to learn of Zox LLC's acquisition of the Zox International registration because it was not a publicized event. To the contrary, the Zox LLC's acquisition of Zox International's registration was part of the public record that led to Zox LLC's registration for ZOX STRAPS for wristbands in October 2013 (UF Nos. 8, 13-14) and was again cited by Zox LLC when it sought and obtained its registration for ZOX for wristbands and shirts in January 2014. (UF No. 18).

The fact that Zox Brothers claims today that it had no reason to have learned about Zox LLC's acquisition of the Zox International registration reflects Zox Brothers' complete lack of interest or sense of ownership of any trademark rights in ZOX for clothing and accessories prior to their progressively encroaching 2018 trademark application.

## IV. ZOX BROTHERS PROVIDE NO EVIDENCE THAT ZOX LLC'S REGISTRATION FIRST USE DATES ARE NOT TRUE

Zox Brothers provide no evidence that Zox LLC obtained its disputed federal trademark registrations by listing false first use dates. In fact, it only claims that John Zox "regularly monitors" Zox LLC website "since litigation began" and found shirts, some apparel, and backpacks "unavailable." He provides no documentary evidence for Zox LLC to explain or cross examine. Documentary evidence would be the minimum required best evidence, and even this would fall far short of overcoming the presumption of validity of Zox LLC's federal trademark registrations. In fact, Zox LLC stated in its three disputed registrations that its first use of ZOX on shirts was at least as early as September 15, 2011 (UF No. 18); that its first use of ZOXBOX on various additional articles of apparel was at least as early as May 30,

2012 (UF No. 20); that its first use of ZOX on backpacks was at least as early as August 2016 (UF No. 22). None of the claimed first use dates are within John Zox's own professed regular monitoring efforts. As a result, none of John Zox's professed regular monitoring efforts could possibly rebut the presumption of validity of these stated first use dates.

## V. ZOX BROTHERS DO NOT SHOW THAT THE DISPUTED ASSIGNMENT WAS "IN GROSS," FRAUDULENT IN ANY WAY, OR "USED" TO OBTAIN OTHER TRADEMARK REGISTRATIONS

Zox Brothers does not attempt to address that the assignment of the Zox International trademark and registration was not an assignment in gross because the assignment itself states that the marks are assigned along with the business symbolized by the marks. (UF No. 13). Also, Zox LLC's allegations in any of its petition to cancel, or its present complaint, for that matter, are statements and allegations, not party admissions. Zox Brothers cherry picks the statements that suit its ends in this case, and cites to no legal authority to support its claim that Zox LLC's allegations in a petition to cancel bar it from settling the cancellation proceeding by acquiring the challenged registration. (UF Nos. 14-15).

Also, Zox Brothers cited no legal authority to support its claim that Zox LLC made any "false" representations to the Trademark Examining Attorney or "used" the acquired registration to "overcome the PTO's objections" or "to obtain their own new registration." Zox LLC simply demonstrated to the Trademark Examining Attorney's satisfaction that the cited registration was no longer a barrier to registration of its own mark -- that it was no longer owned by a third party. (UF Nos. 14-15).

As for Counterclaim 10, Zox Brothers does not attempt to address that the assignment of the Zox International trademark and registration was not an assignment

in gross because the assignment itself states that the marks are assigned along with the business symbolized by the marks.  (UF No. 13).

## VI.  CONCLUSION

For the aforementioned reasons, this Court should grant Zox LLC's motion for summary judgment on Zox Brothers' Counterclaims 1-8 and 10. Zox LLC has been using ZOX for wristbands and clothing for over a decade now and obtained federal trademark registrations for the same over six (6) years ago.  Zox Brothers' Counterclaims 1-8 and 10, therefore should be barred as a matter of law by laches.  Also, Zox Brothers' State and common law Counterclaims are based on the exact same facts and assertions as their Lanham Act Counterclaims, and as a result are preempted thereby, as well as lacking any evidentiary support sufficient to avoid summary judgment.  The Court should therefore grant Zox LLC summary judgment on Zox Brothers' Counterclaims 1-8 and 10.

CISLO & THOMAS LLP

Dated:  January 3, 2022        By:    /s/Kelly W. Cunningham
                                      Daniel M. Cislo, Esq.
                                      David Sandelands, Esq.
                                      Katherine M. Bond, Esq.
                                      Kelly W. Cunningham, Esq.

                                      Attorneys for Plaintiff/Counter-Defendant Zox LLC
                                      Third Party Defendants
                                      Jason Kuipers, Brandon Kuipers, and Jordan Kuipers

**PROOF OF SERVICE**

I am over the age of eighteen (18) years, employed in the County of Los Angeles, and not a party to the above-entitled action. My business address is 12100 Wilshire Blvd., Suite 1700, Los Angeles, CA 90025-7103.

On Monday, January 7, 2022, I served the foregoing document, entitled,

**PLAINTIFF AND COUNTER-DEFENDANT ZOX LLC'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGEMENT**

to be sent by ECF electronic mail to the following:

Michael K. Friedland, Esq.
Lauren Keller Katzenellenbogen, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
michael.friedland@knobbe.com
lauren.keller@knobbe.com

I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on Monday, January 7, 2022, at Westlake Village, California

/s/Laura Banuelos
Laura Banuelos