DANIEL M. CISLO (SBN 125378)
dan@cislo.com
DAVID B. SANDELANDS (SBN 198252)
dsandelands@cislo.com
KATHERINE M. BOND (SBN 263020)
kbond@cislo.com
Kelly Cunningham (SBN 186229)
kcunningham@cislo.com
CISLO & THOMAS LLP
12100 Wilshire Blvd., Ste. 1700
Los Angeles, CA 90025
Telephone: (310) 979-9190

Attorneys for Plaintiff and Counter-Defendant / Third-Party Defendants
ZOX LLC, JASON KUIPERS, BRANDON KUIPERS, JORDAN KUIPERS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ZOX LLC, a California limited liability company, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> JOHN ZOX, an individual, DANIEL ZOX, an individual, and ANDREW ZOX, an individual, and DOES 1-10, Inclusive, <br><br> Defendants/Counter-Plaintiffs/Third-Party Plaintiffs, <br><br> v. <br><br> JASON KUIPERS, an individual, BRANDON KUIPERS, an individual and JORDAN KUIPERS, an individual, <br> Third-Party Defendants. | Case No.: 2:21-cv-01609-PA-SK <br><br> **EX PARTE MOTION FOR TERMINATING SANCTIONS FOR SPOLIATION OF EVIDENCE; OR, IN THE ALTERNATIVE, FOR AN ADVERSE INFERENCE INSTRUCTION; AND, REQUEST FOR MONETARY SANCTIONS** <br><br> [Memorandum in Support Appended hereto; Declaration of David B. Sandelands and Proposed Order, filed concurrently herewith] <br><br> Discovery Cut-off:  Dec. 27, 2021 <br> Pretrial Conference:  Feb. 24, 2022 <br> Trial Date:  March 8, 2022 |

**TO THE COURT, ALL PARTIES, AND ALL COUNSEL OF RECORD:**

Pursuant to Local Rule 7-19, Rule of Civil Procedure 37 and the Court's inherent power, Plaintiff and Counter-Defendant Zox LLC ("Plaintiff") will and hereby does move *ex parte* for terminating and monetary sanctions against Defendants and Third Party Plaintiffs Andrew, Daniel and John Zox ("Defendants") for spoliation of evidence needed to hold a fair trial on the merits of this action.  In the alternative, Plaintiff seeks an adverse inference instruction and monetary sanctions against Defendants.

Moving on an *ex parte* basis is necessary as a regularly noticed motion cannot be heard prior to the start of trial in this action.  Plaintiff proposes that a hearing on this matter be set for February 24, 2022.

**SPECIFIC RELIEF SOUGHT**

Plaintiff seeks an order dismissing Defendants' Counterclaims and Third-Party Claims as against Plaintiff Zox LLC and Third-Party Defendants Brandon, Jason and Jordan Kuipers; and, an order striking Defendants' affirmative defenses.

In the alternative, Plaintiff seeks an order imposing an adverse inference instruction that Defendants' destroyed evidence that would have supported Plaintiff's claims and refuted Defendants' counterclaims, third party claims and affirmative defenses; and, precluding Defendants from offering any text messages or any alleged communications between Defendants into evidence or presenting testimony or argument that any communications between Defendants supports any claim or defense of Defendants in this case.

Plaintiff further seeks an order requiring Defendants to pay Plaintiff's reasonable attorney's fees and costs incurred in prosecuting this action; or, at least Plaintiff's fees and costs incurred in bringing its Motion to Compel (ECF

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 979-9190  FACSIMILE: (310) 394-4477

1

No 56), Motion to Enforce Court Order of December 14, 2021 (ECF No. 127) and this motion for sanctions.

## **GROUNDS FOR THE MOTION**

The grounds for this motion are detailed in the accompanying memorandum appended hereto and are briefly set forth herein.  From the start of this litigation, Plaintiff made diligent efforts to obtain communications between Defendants themselves and any third parties regarding Plaintiff.  Such messages may and likely do contain otherwise unavailable evidence on case dispositive issues such as laches, abandonment and priority of use.

Defendants willfully abused the discovery process by refusing to even state whether such communications existed, much less produce them.  Being "stonewalled" at every turn, Plaintiff filed a motion to compel the communications sought.  Some days thereafter, during his deposition, Defendant Daniel Zox testified to having in his possession, text messages between himself and his brothers which regarded Plaintiff and on which no attorneys were included. Subsequently, the Court granted Plaintiff's motion to compel and ordered Daniel Zox to produce all such communications.

Rather than produce the messages however, Daniel Zox served a supplemental discovery response (his third), claiming the messages were attorney-client privileged.  Plaintiff met and conferred with Defendants to learn the alleged basis of the privilege claims, but Defendants declined any such discussion and unequivocally refused to produce the messages.  Plaintiff filed a motion to enforce the Court's order.

In response, the Court again ordered Daniel Zox to produce the subject messages.  Remarkably, Defendant Zox responded by stating via a declaration

signed under penalty of perjury that he could not comply because he had *destroyed* the messages.

Terminating sanctions are appropriate because Defendant Zox had a duty to preserve the messages yet directed their destruction, to Plaintiff's enduring prejudice. *See e.g. Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).

As a result of Defendant Daniel Zox's willful destruction, the evidentiary record cannot now be fully developed and consequently, the prejudice incurred by Plaintiff cannot be cured. Lacking a fully developed evidentiary record, a fair trial on the merits is no longer possible. Fundamental fairness and prevailing law require that Defendants' claims be dismissed in their entirety, with prejudice.

This *Ex Parte* Motion is based upon this Notice, the attached Memorandum of Points and Authorities and Supporting Declaration, the Court's Orders of December 14, 2021, February 2, 2022 and February 4, 2022, all documents on file in this action and any argument which the Court may entertain at any hearing on this matter.

## NOTICE OF APPLICATION

Pursuant to Local Rule 7-19, the undersigned certifies that on February 14, 2022, at approximately 1:25 p.m., Plaintiff's counsel informed by email Defendants' counsel, Lauren Keller Katzenellenbogen and Michael K. Friedland, of this *ex parte* motion, the basis for it and provided copies of all documents to be filed with the Court. Plaintiff's counsel further called Ms. Katzenllenbogen at about 1:30 p.m. Plaintiff's counsel was advised that Defendants' counsel was in her office, but unable to take the call. Plaintiff's counsel left Defendants' counsel a voicemail advising of this motion. Defendants' counsels' phone number is (949) 760-0404 and their email addresses are lauren.keller@knobbe.com and Michael.friedland@knobbe.com. Opposing counsel maintains an office at 2040 Main Street, 14th Floor, Irvine, CA 92614.

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 979-9190  FACSIMILE: (310) 394-4477

1

2                                                              CISLO & THOMAS LLP

3

4    Dated: February 14, 2022              By:    /s/David B. Sandelands

5                                                  Daniel M. Cislo, Esq.
                                                   David Sandelands, Esq.
6                                                  Kelly W. Cunningham, Esq.
                                                   Katherine M. Bond, Esq.
7                                                  Attorneys for Plaintiff/Counter-
8                                                  Defendant ZOX LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 979-9190  FACSIMILE: (310) 394-4477

# TABLE OF CONTENTS

I.      INTRODUCTION AND BACKGROUND FACTS ........................... 1

II.     SUMMARY OF THE ARGUMENT .................................................. 2

III.    LEGAL STANDARD ..................................................................... 4

IV.     TERMINATING SANCTIONS ARE WARRANTED AND
        SHOULD BE IMPOSED .................................................................. 5

        A.    Defendant Daniel Zox Had a Duty to Preserve His Text
              Messages ........................................................................... 5

        B.    Defendant Zox's Destruction of Evidence Amounts to Willful
              Spoliation ......................................................................... 6

        C.    The Relevant Ninth Circuit Factors Compel Dismissal ........... 8

              1.    The Prejudice to Plaintiff is Severe and Cannot Be
                    Cured—A Fair Trial on the Merits is No Longer Possible
                    ..................................................................... 9

              2.    Defendants Cannot Demonstrate that Plaintiff Suffered
                    No Prejudice From the Spoliation .................................. 10

              3.    Less Drastic Sanctions are Not Appropriate ................. 11

V.      THE EGREGIOUSNESS OF DEFENDANT'S SPOLIATION
        WARRANTS, IN THE ALTERNATIVE, AN ADVERSE JURY
        INFERENCE AND AN EXCLUSION REMEDY ............................ 12

VI.     PLAINTIFF IS ENTITLED TO MONETARY SANCTIONS FOR
        DEFENDANTS' EGREGIOUS CONDUCT ..................................... 13

VII.    CONCLUSION .................................................................. 14

CISLO & THOMAS LLP
Attorneys at Law
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 979-9190 FACSIMILE: (310) 394-4477

i

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 979-9190  FACSIMILE: (310) 394-4477

# TABLE OF AUTHORITIES

**Cases**

*Anheuser-Busch, Inc. v. Natural Beverage Distributors*,
  69 F.3d 337 (9th Cir. 1995) ...............................................................4, 5

*Apple Inc. v. Samsung Electronics Co., Ltd.*,
  888 F.Supp.2d 976 (N.D. Cal. 2012) .............................................10, 13

*Beeman v. Caremark Inc.*,
  322 F. Supp. 3d 1027 (C.D. Cal. 2018) ....................................4, 8, 9, 10

*Biselli v. County of Ventura*,
  2012 U.S. District Lexis 79324 (C.D. Cal. 2012)..................................9

*Davidson v. Barnhardt*,
  2013 U.S. Dist. LEXIS 173467 (C.D. Cal. 2013) ................................8

*In re Napster, Inc. Copyright Litigation*,
  462 F. Supp. 2d 1060 (N.D. Cal. 2006) ................................... passim

*Leon v. IDX Sys. Corp.*,
  464 F.3d 951 (9th Cir. 2006) ................................................... passim

*Nevijel v. N. CoastLife Ins. Co.*,
  651 F.2d 671 (9th Cir. 1981) .................................................11

*Sanchez v. Rodriguez*,
  298 F.R.D. 460 (C.D. Cal. 2014) .............................................7

*State Farm Fire & Casualty Co. v. Broan Mfg.*,
  523 F. Supp. 2d 992 (D. Ariz. 2007) .......................................11

*Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.*,
  982 F.2d 363 (9th Cir. 1992).................................................6

*Wanderer v. Johnston*,
  910 F.2d 652 (9th Cir. 1990) ................................................8

# MEMORANDUM

## I.     INTRODUCTION AND BACKGROUND FACTS

This motion regards Defendant Daniel Zox's willful destruction of evidence for the express purpose of denying Plaintiff a fair trial on the merits.  The relevant facts are as follows:

On April 16, 2021, Plaintiff served Request for Production ("RFP") No. 6 on Defendant Daniel Zox seeking any communications between Defendant Zox and his brothers or third parties regarding Plaintiff.  (Sandelands Decl. ¶2, Exh. A.)

On May 17, 2021, Defendant Zox responded to RFP No. 6 with boiler plate objections, failed to state whether he did or did not have any responsive documents and failed to produce any documents.  (*Id*. at ¶3, Exh. B.)  On July 12, 2021, after agreeing to provide a supplemental response in good faith, Defendant Zox again responded with nothing more than boiler plate objections, again refused state whether he had any responsive documents, and, again failed to produce any documents.  (*Id*. at ¶4, Exh. C.)

On December 1, 2021, Plaintiff filed a motion to compel a supplemental response to RFP No. 6 from Defendant Zox.  (*See* ECF No. 56.)

On December 10, 2021, Defendant Zox testified at deposition that he had searched his records, located text messages between himself and his brothers regarding Plaintiff, that no attorneys were included on those messages, and, that he had the messages in his possession.  (*Id*. at ¶5, Exh. D, (D. Zox Depo.), 127:2-10; 128:2-9; and, 129:6-9; see also Exh. L ((Magistrate's Order of Feb. 4, 2022), pp.2-3.)

On December 14, 2021, the Court granted Plaintiff's motion to compel and ordered Defendant Zox to produce documents responsive to RFP No. 6 by December 24, 2021.  (*Id*. at ¶6, Exh. E.)

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 979-9190  FACSIMILE: (310) 394-4477

On December 24, 2021, Defendant Zox served a Supplemental Response to RFP No. 6, but failed to produce the messages he testified under penalty of perjury to having in his possession, oddly claiming they were attorney-client privileged though he had testified that no attorneys were included on the messages. (*Id*. at ¶8, Exh. G and Exh. D, 128:2-9.)  Defendant Zox further claimed the messages were listed on Defendants' privilege log, also provided on December 24, 2021. Inspection of the log revealed no such messages. (*Id*. at ¶7, Exh. F.)

Plaintiff's counsel met and conferred with Defendants' counsel regarding Defendant Zox's claims of privilege and whether Defendant would produce the messages.  In an email dated January 27, 2022, Defendants' counsel cryptically stated they had "served supplemental responses to the document requests setting forth what would be produced subject to our objections.  Daniel does not have any text messages that are within what we agreed to produce in our supplemental responses." (*Id*. at ¶9, Exh. H.)

On February 1, 2022, Plaintiff filed a motion to enforce the Court's Order of December 14, 2021.  (*Id*. at ¶10, Exh. I.)  On February 2, 2022, the Court again ordered Defendant Zox to produce the messages he testified to having.  (*Id*. at ¶11, Exh. J.)  Rather than produce the messages however, Defendant Zox claimed that he could not comply because his messaging application had, pursuant to settings set by himself, deleted the messages.  (*Id*. at ¶12, Exh. K, second paragraph numbered ¶3 and ¶5.)

The above facts present a classic example of willful spoliation of evidence and bad faith.

## II.    SUMMARY OF THE ARGUMENT

Defendant Daniel Zox's willful spoliation warrants terminating sanctions. The entirety of Defendants' counterclaims and third party claims should be dismissed with prejudice.  Terminating sanctions are appropriate because

Defendant Daniel Zox had a duty to preserve the text messages at issue, yet willfully directed their destruction.    Here, Daniel Zox intentionally instructed his messaging program to delete text messages after a period of time set by him. Defendant Zox had an affirmative duty to preserve those messages from at least as early as the start of this litigation.

Even if his experienced litigation counsel had inexplicably, somehow failed to advise Defendant Zox of his duty to preserve relevant evidence, Defendant Zox unequivocally knew of the relevance of the text messages by no later than April 16, 2021, when he was served with Plaintiff's RFP No. 6, which specifically sought the very messages he later destroyed.

At any time Defendant Zox could have reset his messaging application and stopped the planned destruction of the messages.  Yet, despite having an affirmative duty to preserve the messages and knowing full well their relevance to this litigation and having full power to stop the destruction at any time, Defendant Zox intentionally sat by and let the messages be destroyed.  This is exactly the type of intentional, willful and bad faith conduct that warrants terminating sanctions.

Plaintiff does not know and now can never know what the destroyed messages would have shown, that knowledge gap exists however, *only* because Defendants *destroyed* the messages.  Spoliation of evidence raises a presumption that the destroyed evidence goes to the merits of the case, and further, that such evidence was adverse to the party that destroyed it.  As Defendants destroyed the messages, this presumption cannot now be rebutted.

Defendant Daniel Zox did not willfully destroy the messages and risk terminating and monetary sanctions for no reason.  The only credible explanation is that Defendant Zox destroyed the evidence because he believed he and his brothers would have lost the case if the messages had come to light.  As the messages are now destroyed, this Court should assume that Defendants were correct.  The messages were adverse to Defendants and dispositive of their claims.

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 979-9190  FACSIMILE: (310) 394-4477

It is no defense that Daniel Zox may have set his messaging program to destroy messages prior to the start of this litigation.  The preservation of relevant evidence is an affirmative duty—it is no defense for a litigant to claim that the destruction was inadvertent or the result of longstanding, impartial policies.

As a result of Defendants' willful destruction, the evidentiary record cannot now be fully developed and consequently, the prejudice incurred by Plaintiff cannot be cured.  Lacking a fully developed evidentiary record, a fair trial on the merits is not possible.  Consequently, fundamental fairness requires that Defendants' claims and affirmative defenses be dismissed in their entirety, with prejudice.  No sanctions less severe than terminating sanctions are appropriate here.

### III.   LEGAL STANDARD

Plaintiff moves for sanctions for spoliation of evidence under both this Court's inherent authority to issue evidentiary sanctions and under Rule of Civil Procedure 37.  Spoliation is the destruction or significant alteration of evidence or the failure to preserve evidence in pending or reasonably foreseeable litigation. *Beeman v. Caremark Inc.*, 322 F. Supp. 3d 1027, 1034 (C.D. Cal. 2018).

There are two sources of authority under which a district court can sanction a party who has despoiled evidence: the inherent power of federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under Rule 37 against a party who fails to obey an order to provide or permit discovery." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). The Court may issue terminating sanctions under either source of power. *Id*. A district court's imposition of spoliation sanctions under either source of power is reviewed for an abuse of discretion. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995).  The district court's factual

findings, including findings of bad faith and prejudice, are reviewed for clear error. *Leon,* 464 F. 3d at 958.

Case terminating sanctions are appropriate when "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings" because "courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice."   *Leon*, 464 F.3d at 958 (quoting *Anheuser-Busch,* 69 F.3d 337, 348 (9th Cir. 1995)).  Case terminating sanctions are appropriate upon a finding of willfulness, fault or bad faith.  *Leon*, 464 F.3d at 958.

## IV.   TERMINATING SANCTIONS ARE WARRANTED AND SHOULD BE IMPOSED

Defendant Zox had a duty to preserve relevant evidence and willfully destroyed the same.  The relevant Ninth Circuit factors compel dismissal of Defendants' claims in their entirety.

### A.   Defendant Daniel Zox Had a Duty to Preserve His Text Messages

"[A]s soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action."   *In re Napster*, *Inc. Copyright Litigation*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006).  Here, Defendant Zox was on notice of his duty to preserve evidence from no later than the filing date of this action on February 22, 2021.  (*See* ECF No. 1.)  Defendants apparently identified potential claims much earlier as their privilege log lists documents purporting to be attorney-client privileged communications from July of 2020.  (Sandelands Decl. ¶7, Exh. F.)  Thus, arguably the duty to preserve evidence attached as early as July of 2020.

Regardless, Defendant Zox was clearly on notice of his duty to preserve evidence at least as early as February 22, 2021.  Defendant's counsel either did

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 979-9190  FACSIMILE: (310) 394-4477

advise, or should have advised, Defendant to preserve all documents including all electronic communications such as text messages, that may refer or relate to this litigation.[1]  Even if their experienced litigation counsel had inexplicably somehow forgotten to advise Defendant Zox of his duty to preserve his text messages, Plaintiff's RFP No. 6 which sought those communications, would have put Defendant Zox on notice of the relevance of the text messages as of the date of service of April 16, 2021.[2]  (*Id.* at ¶2, Exh. A.)

## B.   Defendant Zox's Destruction of Evidence Amounts to Willful Spoliation

Terminating sanctions may be issued when the spoliating party's actions are "willful."  *Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.,*  982 F.2d 363, 368 (9th Cir. 1992) ("The court need not find bad faith by the offending party before issuing terminating sanctions for destruction of evidence; willfulness or fault may suffice.")  For document destruction to be "willful," it is immaterial

---

[1] Defendants' counsel are oddly silent as to whether they informed Defendants of their duty to preserve evidence.  As noted by the Magistrate, Daniel Zox "never even tries to explain why he (or his brothers) failed to preserve their Signal text messages that still existed when they anticipated this litigation—as far back as July 2020 according to his privilege log—or at least those that existed as of February 2021, when the complaint was filed here.  What's worse, even by Daniel's own admission, a least a 'few' Signal messages existed as of December 10th. . . . But for unexplained reasons, he evidently allowed Signal's default functionality to purge those texts in the next 14 days after his deposition—so that by December 24 apparently no more relevant text messages could have survived."  (Sandelands Decl. Exh. L, Magistrate's Order of Feb. 4, 2022, (ECF No. 130), p.5).

[2] Andrew and John Zox are also parties to this lawsuit and they too were served with RFP No. 6.  Thus, they also had a duty to preserve evidence at least as early as the date of filing of the action in February of 2021. Even if not advised of that duty by their counsel, they too were certainly aware of the relevance of the messages as of the date of service of RFP No. 6 on April 16, 2021.  Like Daniel Zox, Andrew and John Zox too, failed to preserve crucial evidence.

CISLO & THOMAS LLP
*Attorneys at Law*
12100 WILSHIRE BLVD.
SUITE 1700
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 979-9190  FACSIMILE: (310) 394-4477

whether Defendant Zox destroyed the records himself, directed them to be destroyed by a third party, or, as here, allowed them to be permanently deleted by his preferred text messaging program over which he had full control.

The focus of the test is whether (a) Defendant was on notice that the documents were potentially relevant to this case; and (b) the documents were, in fact, destroyed while they were either directly or indirectly under Defendant's control.  *See Sanchez v. Rodriguez*, 298 F.R.D. 460, 463 (C.D. Cal. 2014) (granting terminating sanctions, and explaining that the "willfulness, bad faith, or fault" standard required to impose terminating sanctions "does not require wrongful intent; rather, disobedient conduct not shown to be outside the party's control is by itself sufficient.")

There can be no legitimate dispute that Defendant Zox was on notice that the destroyed text messages were potentially relevant to this action.  As established above, Defendant's affirmative duty to preserve evidence attached no later than the filing date of this action in February of 2021 and even if Defendant's counsel somehow failed to advise him of that duty, Defendant clearly and unequivocally knew of the relevance of the messages at the time he was served with RFP No. 6 on April 16, 2021.

The destroyed messages, which existed at least as late as the date of Defendant Daniel Zox's deposition on December 10, 2021, are likely relevant to the case dispositive issues of laches, abandonment and priority of use, as the messages are likely the best evidence of what Defendants knew, when they knew it, and whether they intentionally embarked on a deliberate and willful effort to trade off Plaintiff's goodwill in the ZOX mark.

Despite unequivocally knowing the relevance of the text messages, Defendant Zox testified that he took no action as his preferred messaging program, allegedly, permanently deleted all messages between himself and his brothers regarding Plaintiff.  (Sandelands Decl. ¶12, Exh. K, second paragraph numbered

7

¶3 and ¶5.)  Defendant Zox set the parameters by which his messaging program deleted the subject messages and he could have reset the parameters and stopped the destruction at any time.  *He did not*.  For this reason, Daniel Zox's conduct was "willful" as a matter of law.  *See Leon*, 464 F.3d at 959.

## C.   The Relevant Ninth Circuit Factors Compel Dismissal

Courts within the Ninth Circuit consider five factors in determining whether terminating sanctions are appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Leon*, 464 F.3d at 958.  The same test is applied regardless of whether the sanctions are issued pursuant to the Court's inherent authority or Rule 37.   *Id.* at 958, n.4.

The first two factors — the public's interest in the expeditious resolution of litigation, and the court's need to manage its docket — weigh in favor of the imposition of a terminating sanction.  *See Beeman*, 322 F. Supp. 3d at 1036, citing *Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990)*.  The fourth factor — the public policy favoring disposition of cases on their merits — cuts against a dismissal sanction.  *Id.*  This factor however on its own is *not* determinative.  *Beeman*, 322 F. Supp. 3d at 1036, citing <u>Leon, 464 F.3d at 960-61</u>).

Thus, in determining whether the Court should impose terminating sanctions on Defendants, the key factors are prejudice and the availability of lesser sanctions.  *Beeman*, 322 F. Supp. 3d at 1036; *Davidson v. Barnhardt*, 2013 U.S. Dist. LEXIS 173467 at *17 (C.D. Cal. 2013) (citing *Wanderer*, 910 F.2d at 656).

///

///

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 979-9190  FACSIMILE: (310) 394-4477

1.      **The Prejudice to Plaintiff is Severe and Cannot Be Cured—**
        <u>**A Fair Trial on the Merits is No Longer Possible**</u>

"Prejudice is determined by looking at whether the spoliating party's actions impaired the non-spoliating party's ability to go to trial, threatened to interfere with the rightful decision of the case, or forced the non-spoiling party to rely on incomplete and spotty evidence." *Beeman*, 322 F. Supp. 3d at 1036, citing *Leon* 464 F.3d at 959. "The party asserting prejudice must only come forward with plausible concrete suggestions about what the spoliated evidence might have been." *Beeman*, 322 F. Supp. 3d at 1037.

The text messages Defendant Daniel Zox intentionally destroyed are likely adverse to Defendants on the case dispositive issues of laches, abandonment and priority of use. These messages are likely the best evidence of what Defendants knew, when they knew it and what actions they took in furthering their interests. Defendant Daniel Zox did not willfully destroy the messages and risk terminating and monetary sanctions for no reason. The only credible explanation is that Defendant Zox destroyed the evidence because Defendant believed he and his brother would have lost the case if the messages had come to light.

It is no defense that Daniel Zox may have set his messaging program to destroy messages prior to the start of this litigation. "[T]he preservation of relevant evidence is an affirmative duty, it is no defense for a litigant to claim that the destruction was inadvertent or the result of longstanding, impartial policies." *See Biselli v. County of Ventura*, 2012 U.S. District Lexis 79324 *5 (C.D. Cal. 2012) citing *In re Napster*, 462 F. Supp. 2d at 1070. Daniel Zox could have prevented the destruction of the messages at any time by simply changing a parameter on his messaging application. *He chose not to*. This was an intentional and willful choice to destroy evidence.

As a result of Daniel Zox's willful destruction, the evidentiary record cannot now be fully developed and consequently, the prejudice incurred by Plaintiff

9

cannot be cured.  Lacking a fully developed evidentiary record, a fair trial on the merits is not possible.  Consequently, fundamental fairness requires that Defendant's counterclaims, third party claims and affirmative defenses be dismissed with prejudice.  No sanctions less severe than terminating sanctions are appropriate here.

### 2. Defendants Cannot Demonstrate that Plaintiff Suffered No Prejudice From the Spoliation

Once spoliation has been shown, the burden shifts to the spoliating party to demonstrate that the non-spoliating party suffered no prejudice.  *Beeman*, 322 F. Supp. 3d at 1037, citing *Leon*, 464 F.3d at 959.

Defendant Zox claims that the destroyed messages regarded "case strategy received from our attorneys, logistics" and the ever-descriptive category "etc." (Sandelands Decl. ¶12 Exh K, ¶ 6.)  Defendant's counsel argues that the destroyed messages are privileged and therefore, if they still existed, would not be admissible.  Defendant and his counsel's arguments fail because, while Plaintiff does not know and now can never know what the destroyed messages would have shown, that knowledge gap exists *only* because *Defendants destroyed the messages*.  "Because the relevance of destroyed documents cannot be clearly ascertained because the documents no longer exist, a party can hardly assert any presumption of irrelevance [or privilege] as to the destroyed documents."  *Beeman*, 322 F. Supp. 3d at 1037, citing *Leon*, 464 F.3d at 959.

In the Ninth Circuit, spoliation of evidence raises a presumption that the destroyed evidence goes to the merits of the case, and further, that such evidence was adverse to the party that destroyed it.  *Apple Inc. v. Samsung Electronics Co., Ltd.*, 888 F.Supp.2d 976, 993 (N.D. Cal. 2012).  Defendant Daniel Zox destroyed evidence that is undoubtedly adverse to Defendants and dispositive of their claims against Plaintiff.  Daniel Zox's willful acts of destruction prevent the full

10

development of the evidentiary record to Plaintiff's enduring prejudice.  The evidentiary record cannot now be fully developed and therefore a fair trial on the merits cannot now be held.  No amount of argument by Defendants can rebut the prejudice to Plaintiff.

### 3.   Less Drastic Sanctions are Not Appropriate

No sanctions less severe than case-terminating sanctions are appropriate here.  "Though there are a wide variety of sanctions short of dismissal available, the districtcourt need not exhaust them all before finally dismissing a case." *Nevijel v. N. CoastLife Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).  Dismissal is appropriate where lesser sanctions cannot cure the prejudice caused by preventing full development of the evidence needed to decide the case on the merits.   *State Farm Fire & Casualty Co. v. Broan Mfg.*, 523 F. Supp. 2d 992, 998 (D. Ariz. 2007).

Now that Defendant Daniel Zox has destroyed Defendants' text messages, it is impossible to reconstruct the record.  The destroyed messages may have and likely did contain evidence that would unequivocally establish Plaintiff's laches or abandonment or priority of use defenses to Defendants' counterclaims and third party claims.  Nothing else explains Defendants' determination to see that these messages never enter the evidentiary record.  No form of lesser sanctions can reconstruct the record and cure the prejudice caused by Defendants' preventing the full development of the evidence.  Given Defendants' willful destruction of evidence, this case can no longer be decided on the merits.  With a fair trial no longer possible, terminating sanctions are warranted.

///

///

///

## V.   THE EGREGIOUSNESS OF DEFENDANT'S SPOLIATION WARRANTS, IN THE ALTERNATIVE, ANADVERSE JURY INFERENCE AND AN EXCLUSION REMEDY

Plaintiff submits that the egregiousness and willful nature of Defendant Daniel Zox's conduct warrants no less than dismissal of Defendants' counterclaims and third party claims.  If, however, the Court determines that a lesser sanction is warranted, it should first impose an adverse inference instruction against Defendants that: (1) Defendants destroyed evidence in bad faith, and, (2) that the evidence that Defendants destroyed and/or failed to preserve would have supported Plaintiff's claims and refuted Defendants' counterclaims, third party claims and affirmative defenses.

Second, the Court should preclude Defendants from offering any text messages or any electronic communications between Defendants into evidence in support of any claim of Defendants and from offering any testimony or argument referring to any communications between Defendants.  *See In re Napster*, *Inc.*, 462 F. Supp. 2d at 1077 ("the court's inherent authority to impose sanctions for the wrongful destruction of evidence includes the power to exclude evidence).

A party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *Id.* at 1078.

As discussed above, Defendant Daniel Zox deleted all of his text messages which Defendant testified he had in his possession and which concerned Plaintiff. Defendant had a duty to preserve this evidence from the outset of this litigation. The circumstances surrounding the destruction of the evidence clearly indicate that Defendant set his messaging application to destroy the messages and willfully

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 979-9190  FACSIMILE: (310) 394-4477

allowed the messages to be destroyed when he could readily have changed the settings and prevented such destruction. In the Ninth Circuit, it is presumed that destroyed evidence goes to the merits of the case and was adverse to the party that destroyed it. *Apple Inc. v. Samsung Electronics Co., Ltd.*, 888 F.Supp.2d 976, 993 (N.D. Cal. 2012). Accordingly, an adverse inference instruction is warranted.

## VI.   PLAINTIFF IS ENTITLED TO MONETARY SANCTIONS FOR DEFENDANTS' EGREGIOUS CONDUCT

"Under its 'inherent powers, a district court may also award sanctions in the form of attorneys' fees against a party or counsel who acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Leon*, 464 F.3d at 961. "The court must make an express finding that the sanctioned party's behavior constituted or was tantamount to bad faith." *Id*. As set forth above, Defendants' bad faith is established by their intentional and willful spoliation of evidence.

In order to obtain Defendants messages which are necessary to fully develop the evidence in this action, Plaintiff has incurred substantial expense in preparing its motion to compel, (ECF No. 56), which resulted in the Court's Order of December 14, 2021 granting-in-part that motion. In view of Defendants' willful refusal to comply with the Court's Order, Plaintiff was forced to incur further expense in preparing its motion to enforce the Order, (Sandelands Dec. Exh, I, ECF No. 127), and was yet again forced to incur yet further expense in preparing this motion for sanctions in view of Defendants' destruction of the very evidence the Court had ordered them to produce.

Defendants' willful and intentional actions are tantamount to bad faith and warrant the imposition of monetary sanctions in the amount of Plaintiff's fees and costs incurred in bringing this action, or, at the very least, the above-referenced motions. *See, e.g., Leon*, 464 F.3d at 961 (affirming award of fees relating to spoliation motion); *In re Napster, Inc.*, 462 F. Supp. 2d at 1078 (granting award of

13

attorneys' fees associated with motion and meet and confer process).

## VII.   <u>CONCLUSION</u>

For the foregoing reasons, this Court should dismiss Defendants' counterclaims and third party claims with  prejudice.  Terminating sanctions are appropriate because Defendants had a duty to preserve the documents at issue, yet intentionally and willfully directed their destruction.   Spoliation of evidence raises a presumption that the destroyed evidence goes to the merits of the case, and further, that such evidence was adverse to the party that destroyed it.  As Defendants' destroyed the critical and likely case dispositive messages, this presumption cannot be rebutted.

As a result of Defendants' willful destruction, the evidentiary record cannot be fully developed and consequently, the prejudice incurred by Plaintiff cannot be cured.  Lacking a fully developed evidentiary record, a fair trial on the merits is not possible.  Consequently, fundamental fairness requires that Defendants' claims and affirmative defenses be dismissed with prejudice.

In the alternative, the Court should impose an adverse inference instruction that Defendants' destroyed evidence that would have supported Plaintiff's claims and refuted Defendants' counterclaims and third party claims.  The Court should also preclude Defendants from offering any text messages or any alleged communications between Defendants into evidence or presenting testimony or argument that any communications between Defendants supports any allegation or claim of Defendants in this case.

Finally, this Court should impose  monetary sanctions against Defendants for their egregious conduct in destroying critical evidence needed by Plaintiff to fully develop its case.  Such sanctions should include the entirety of Plaintiff's attorneys' fees and costs incurred in bringing this action, or, at the very least,

14

the fees and costs incurred by Plaintiff in preparing its two motions seeking to compel the production of the messages and this motion for sanctions.

CISLO & THOMAS LLP

Dated: February 14, 2022          By:    /s/David B. Sandelands

Daniel M. Cislo, Esq.
David Sandelands, Esq.
Katherine M. Bond, Esq.
Kelly Cunningham, Esq.
Attorneys for Plaintiff/Counter-Defendant ZOX LLC

## PROOF OF SERVICE

I am over the age of eighteen (18) years, employed in the County of Los Angeles, and not a party to the above-entitled action. My business address is 12100 Wilshire Blvd., Suite 1700, Los Angeles, CA 90025-7103.

On February 14, 2022, I served the following document:

***EX PARTE* MOTION FOR TERMINATING SANCTIONS FOR SPOLIATION OF EVIDENCE; OR, IN THE ALTERNATIVE, FOR AN ADVERSE INFERENCE INSTRUCTION; AND, REQUEST FOR MONETARY SANCTIONS**

☐   **BY SERVICE PROVIDER**:  I caused a copy of such document to be sent via electronic service to the addressee(s) shown below using a service provider, such as Express Networks, and:

☒   **BY ELECTRONIC MAIL**:  I caused a copy of such document to be sent via electronic mail to the addressee(s) shown below:

Michael K. Friedland, Esq.
Laureen Keller, Esq.
Knobbe, Martens, Olson & Bear, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
michael.friedland@knobbe.com
lauren.keller@knobbe.com

I declare, under penalty of perjury under the laws of the United States that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on February 14, 2022, at Los Angeles, California.

/s/Stephanie Navarro
Stephanie Navarro

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 1700
12100 WILSHIRE BLVD.
LOS ANGELES, CALIFORNIA 90025
TELEPHONE: (310) 979-9190  FACSIMILE: (310) 394-4477