DANIEL M. CISLO (SBN 125378)
dan@cislo.com
DAVID B. SANDELANDS (SBN 198252)
dsandelands@cislo.com
KATHERINE M. BOND (SBN 263020)
kbond@cislo.com
Kelly Cunningham (SBN 186229)
kcunningham@cislo.com
CISLO & THOMAS LLP
12100 Wilshire Blvd., Ste. 1700
Los Angeles, CA 90025
Telephone: (310) 979-9190

Attorneys for Plaintiff and Counter-Defendant / Third-Party Defendants
ZOX LLC, JASON KUIPERS, BRANDON KUIPERS, JORDAN KUIPERS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOX LLC, a California limited liability company,<br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>JOHN ZOX, an individual, DANIEL ZOX, an individual, and ANDREW ZOX, an individual, and DOES 1-10, Inclusive,<br>Defendants/Counter-Plaintiffs/Third-Party Plaintiffs,<br><br>v.<br>JASON KUIPERS, an individual, BRANDON KUIPERS, an individual and JORDAN KUIPERS, an individual,<br>Third-Party Defendants. | Case No.: 2:21-cv-01609-PA-SK<br><br>**Hon. Percy Anderson**<br><br>**NOTICE OF MOTION AND MOTION FOR ENTRY OF CONFIDENTIAL SETTLEMENT AGREEMENT**<br><br>[Declaration of Katherine M. Bond filed concurrently herewith] |

**TO THE COURT, ALL PARTIES, AND ALL COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on April 25, 2022 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Percy Anderson, in Courtroom 9A, First Street Courthouse, 350 W. 1st Street, 9th Floor, Los Angeles, California 90012, Plaintiff Zox LLC and Third-Party Defendants Jason Kuipers, Jordan Kuipers and Brandon Kuipers (collectively "Plaintiff") will and hereby move pursuant to Rule of Civil Procedure 37 and the Court's inherent power to enforce its prior orders and specified by the Court in its March 18, 2022 Order, for an order:

- Entering Plaintiff's Confidential Settlement Agreement as provided to the Court.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Court's Order of March 18, 2022 (Dkt. 209-1), the Declaration of Katherine M. Bond, and any argument which the Court may entertain at the hearing on this matter.

**Compliance with Local Rule 7-3**

The Parties did not meet and confer regarding this Motion as the Court previously ordered a motion to be filed by today, if necessary. (Dkt. 209-1.)

CISLO & THOMAS LLP

Dated: March 28, 2022     By:     /s/Katherine M. Bond
                                  Daniel M. Cislo, Esq.
                                  David Sandelands, Esq.
                                  Kelly W. Cunningham, Esq.
                                  Katherine M. Bond, Esq.
                                  Attorneys for Plaintiff/Counter-
                                  Defendant ZOX LLC

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff apologizes for having to utilize this Court's limited resources because of Defendants' refusal to comply with the instructions provided by this Court during the hearing on March 17, 2022, and the Court's subsequent Order dated March 18, 2022 (Dkt. 209-1).  This is not the first time the Defendants have failed to comply with this Court's orders.

## II.  BACKGROUND FACTS

Plaintiff and Defendants John Zox, Daniel Zox and Andrew Zox ("Defendants") participated in a settlement conference with Magistrate Judge Kim on March 16, 2022.  Hereinafter Plaintiff and Defendants are collectively referred to as the "Parties."  On March 17, 2022 the Parties were able to reach an agreement memorialized in a "Term Sheet" provided to this Court.   At the hearing on March 17, 2022, the Court provided the Parties with ten (10) days to prepare and execute a long form settlement agreement incorporating the terms embodied in the Term Sheet.  Due to Defendants' failure to comply with their own promises and this Court's Order, Plaintiff now provides a Confidential Settlement Agreement executed by Plaintiff and Third-Party Defendants for entry by this Court.  Declaration of Katherine Bond, ("Bond Decl."), ¶¶ 1 – 7.

## III.  LEGAL STANDARD

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987); *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1141 (9th Cir. 2002).  Courts have ancillary jurisdiction to enforce a settlement agreement "if the parties' obligation to comply with the terms of the settlement

2

agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Arata v. Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1268 (9th Cir. 1996) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378).

## IV. ARGUMENT

In this case, there is no dispute that the terms of the Parties' Term Sheet had been made part of the order of dismissal . . . by incorporating the Term Sheet in the hearing on March 17th and requiring the Parties to acknowledge and agree to the Term Sheet on the record. The Court relied upon the Parties representation that the case had settled based on the terms as set forth in the Term Sheet when it dismissed this case without prejudice. Further, this Court specifically retained jurisdiction to enforce the terms of the Term Sheet up until March 28, 2022. Consequently, any breach of the Order incorporating this Court's instructions and the Term Sheet "would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Id*.

In its Order dated March 18, 2022 (Dkt. 209-1), the Court provided the parties with ten (10) days to prepare and execute a long form of the settlement agreement comprising the terms as set forth in the "Term Sheet." Defense counsel offered to draft the proposed long form of the settlement agreement on March 18th ten (10) days ago and Plaintiff's counsel agreed in writing that day. ("Bond. Decl., ¶ 2.)

Defense counsel never complied with its own self-imposed obligations of sending a proposed long form settlement agreement to counsel by "the middle of next week." Bond Decl., ¶¶ 2-4. Because of the sensitivity in this case and many parties involved, Plaintiff's counsel was concerned about the timing of receiving the proposed long form settlement agreement from Defense counsel and being

3

able to review it and provide feedback. Throughout the week, Plaintiff's counsel checked in with Defense counsel many times asking for a draft of the agreement. Also, Dan Cislo contacted opposing counsel again on March 24th. Bond Decl., ¶¶ 3-4.

On March 25th Plaintiff's counsel still did not have a proposed agreement from Defense counsel. Out of an abundance of caution, and need to comply with this Court's Order, Plaintiff's counsel prepared a proposed long form settlement agreement, had its clients approve the agreement and, emailed the long form agreement with the appropriate dismissals to Defense counsel by noon on March 25th. Id., ¶ 5.

As of the filing of this motion, Plaintiff's counsel has never heard from Defense counsel regarding its proposed long form agreement. Nor has Plaintiff's counsel received a response to its proposed agreement. This appears to be a pattern of Defendants bad faith and failure to comply with this Court's orders. Plaintiff has now emailed a copy of the agreement signed by Plaintiff and all of the Third-Party Defendants to the Court's chambers email at PA_Chambers@cacd.uscourts.gov ("Confidential Settlement Agreement") for entry by this Court. Bond Decl., ¶¶ 6-7. The Confidential Settlement Agreement provided to this Court fairly and accurately describes the Parties agreement as embodied in the Parties Term Sheet. Plaintiff and the Third-Party Defendants request that the Court accept this Settlement Agreement as the Parties agreement in view of the Defendants continued bad faith in these proceedings.

## VI. CONCLUSION

Plaintiff requests the Court now enter the Confidential Settlement Agreement provided by Plaintiff as the settlement agreement between the Parties or in the alternative, Plaintiff makes this motion for the Court to enforce the

4

terms of the Term Sheet as embodied in the Confidential Settlement Agreement provided by Plaintiff herewith.

CISLO & THOMAS LLP

Dated: March 28, 2022   By:   /s/Katherine M. Bond

Daniel M. Cislo, Esq.
David Sandelands, Esq.
Katherine M. Bond, Esq.
Kelly Cunningham, Esq.
Attorneys for Plaintiff/Counter-Defendant ZOX LLC

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2022, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Central District of California, using the electronic case filing system of the court.

I hereby certify that on March 28, 2022, I caused the foregoing document to be served by the Court's Electronic Filing System:

> Michael K. Friedland, Esq.
> Lauren Keller Katzenellenbogen, Esq.
> Knobbe, Martens, Olson & Bear, LLP
> 2040 Main Street, 14th Floor
> Irvine, CA 92614
> michael.friedland@knobbe.com
> lauren.keller@knobbe.com

☒ **FEDERAL**:  I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on March 28, 2022, at Westlake Village, California.

/s/Laura Banuelos
Laura Banuelos