Michael K. Friedland (SBN 157,217)
Michael.Friedland@knobbe.com
Lauren Keller Katzenellenbogen (SBN 223,370)
Lauren.Keller@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Phone: (949) 760-0404 Fax: (949) 760-9502

Attorneys for Defendants
John Zox, Daniel Zox, and Andrew Zox

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOX LLC, a California limited liability company,<br>Plaintiff / Counterdefendant<br><br>v.<br><br>JOHN ZOX, an individual, DANIEL ZOX, an individual, and ANDREW ZOX, an individual, and DOES 1-10, inclusive,<br>Defendants / Counterclaimants<br><br>JOHN ZOX, an individual, DANIEL ZOX, an individual, and ANDREW ZOX,<br>Third-Party Plaintiffs,<br><br>v.<br><br>JASON KUIPERS, an individual, BRANDON KUIPERS, an individual, and JORDAN KUIPERS, an individual<br>Third-Party Defendants | Case No. 2:21-cv-01609-PA-SK<br><br>Hon. Percy Anderson<br><br>**OPPOSITION OF DEFENDANTS / COUNTERCLAIMANTS / THIRD-PARTY PLAINTIFFS JOHN ZOX, DANIEL ZOX, AND ANDREW ZOX TO ZOX LLC'S MOTION FOR ENTRY OF CONFIDENTIAL SETTLEMENT AGREEMENT** |

## I. INTRODUCTION

It is undisputed that the term sheet, signed by the parties and explicitly entered into the record by the parties, states the material terms of the settlement agreed on by the parties. It cannot be disputed that it is a binding agreement. Plaintiff improperly requests that this Court rewrite the agreement and replace it with Plaintiff's proposed long-form agreement, which would add material terms that were not in the term sheet, and to which Defendants never agreed. Plaintiff's proposed long-form agreement also materially changes one of the provisions in the signed term sheet. Accordingly, this Court should reject Plaintiff's attempt to obtain additional concessions that were not part of the parties' settlement as reflected by the term sheet and should reject Plaintiff's proposed agreement.

The parties agreed in the term sheet that Judge Kim would resolve disputes in drafting the long-form agreement. Thus, this Court should either rule that the term sheet is the entire agreement or should refer this dispute to Judge Kim to review both parties' proposed long-form agreements and resolve drafting disputes.

## II. BACKGROUND

The parties participated in mediation with Magistrate Judge Kim on March 16, 2022. Dkt. No. 206, Civil Minutes. After more than 15 hours, at about 1:30 am on March 17, the parties reached a settlement. Katzenellenbogen Decl. ¶ 2. When Judge Kim tried to put the agreed settlement terms on the record, however, Plaintiff attempted to renegotiate. *Id.* ¶ 3. On the record, Plaintiff's counsel repeatedly attempted to add new terms that to which Defendants had never agreed. When Defendants would not agree to those additional terms, Plaintiff refused to sign off on the previously agreed settlement terms. *Id.*

Judge Kim gave the parties until 1 pm on March 17 to draft and sign a term sheet with the terms that were agreed on during the mediation. *Id.* ¶ 4. Plaintiff again attempted to add a number of additional terms, but eventually signed the

term sheet. *Id.* On the record with the Court, Plaintiff confirmed that Plaintiff agreed to the settlement as set forth in the signed term sheet. Dkt. No. 208. There is no dispute that the term sheet is a binding agreement and sets forth the settlement terms agreed to by the parties.

On Friday, March 18, Defendants' counsel offered to draft a long-form settlement agreement based on the parties' term sheet and to send it to Plaintiff's counsel around the middle of the following week. That same day, Plaintiff's counsel responded, "That sounds great- thank you." Katz. Decl. Ex. A. On Monday, March 21, Plaintiff's counsel sent another email requesting the draft agreement by the end of the day Tuesday, March 22. *Id*. Ex. B. On Wednesday, March 23, Defendants' counsel let Plaintiff's counsel know that Defendants' counsel may not have the draft ready until Thursday, March 24. *Id.* Ex. C.

Drafting the agreement, including allowing each of the three co-defendants to review and approve the agreement, took longer than expected. Accordingly, Defendants' counsel was delayed in providing the draft to Plaintiff. Katz. Decl. ¶ 9. On Sunday, March 27, Plaintiff's counsel called Defendants' counsel and left a voicemail inquiring about the draft. *Id.* ¶ 10. Defendants' counsel returned the call that morning and left a voicemail suggesting that the parties request an extension of the deadline to complete the long-form agreement. *Id.*

Plaintiff did not return the call from Defendants' counsel or communicate in any manner with the Defendants. Instead, Plaintiff filed the instant motion first thing Monday morning. Plaintiff not only failed to meet and confer before filing the motion; Plaintiff never even hinted that it intended to file any such motion. *Id.* ¶ 11. In this motion, Plaintiff requests that this Court rule that Plaintiff's proposed long-form agreement is the agreement entered into by the parties. However, Plaintiff's proposed agreement includes new terms that were not in the term sheet and were never agreed to by Defendants. Plaintiff's agreement also modifies at least one term from the term sheet. Defendants sent Plaintiff a draft

agreement that accurately reflects the provisions in the term sheet, but Plaintiff has refused to comment on that draft instead, pursuing this motion asking the Court to enter a new agreement with terms Defendants have not agreed to.

## III. PLAINTIFF'S REQUEST THAT THE COURT "ENFORCE" NEW TERMS THAT ARE NOT IN THE SIGNED TERM SHEET IS IMPROPER

The only mutually consented settlement agreement between the parties is the term sheet. "A settlement agreement is a contract, and the legal principles which apply to contracts generally apply to settlement contracts. An essential element of any contract is 'consent.' The 'consent' must be "mutual." *Weddington Prods., Inc. v. Flick*, 60 Cal. App. 4th 793, 810–11, 71 Cal. Rptr. 2d 265, 276–77 (1998) (internal citations omitted). Because Defendants never consented to the new and revised terms in Plaintiff's proposed Settlement Agreement, they simply are not part of the settlement.

First, Plaintiff's proposed agreement includes a provision that, "[e]ach of the parties hereto expressly waives any right or benefit available to it under Section 1542 of the California Civil Code . . ." However, Defendants never agreed to waive Section 1542 of the California Civil Code. The term sheet includes "[m]utual releases of all claims, subject to obligations of agreement." That is a standard release of claims relating to the subject matter of the litigation. Plaintiff's attempt to add a waiver of Section 1542 of the California Civil Code that was not part of the settlement and was not agreed to by Defendants is improper. Manifestly, Plaintiffs cannot force Defendants to "expressly waive" a right conferred by California law.

Second, as drafted the following provision (paragraph 14) in Plaintiff's proposed agreement is vague and does not reflect the parties' agreement.

> "[T]he Parties or any person or entity acting in concert with the Parties shall not challenge or cause to be challenged, or encourage

> or assist others to challenge, their respective marks in which are the subject of this Agreement, so long as such use, applications, and registrations comply with the terms of this Agreement."

As drafted by Plaintiff, this provision could be interpreted to allow Plaintiff to add any number of goods and services to their pending applications, and to prevent Defendants from challenging Plaintiff's use or registration of the mark ZOX with any of those goods and services. Defendants never agreed to such a provision. Moreover, Plaintiff drafted other terms in the agreement to limit this provision to the goods and services currently in Defendants' pending application, while leaving it unlimited for Plaintiff. This provision needs to be re-drafted to be limited to the goods and services currently in the parties' pending applications and registrations, for both parties, as the parties actually agreed.

Third, Plaintiff's proposed long-form agreement includes a confidentiality provision to which to the parties never agreed. The provision (paragraph 33) would state:

> "The terms and existence of this Agreement shall remain confidential . . . the fact of the Settlement Payment, and the amount of the Settlement Payment, are STRICTLY CONFIDENTIAL and may not be disclosed by either Party to anyone except its Board of Directors, senior management employees, auditors, accountants, major shareholders and legal representatives on a need to know basis."

The term sheet does not state that the agreement will be confidential, and if Plaintiff wanted the agreement to be confidential, then that should have been part of the negotiation. Defendants agreed to the terms in the term sheet based on the understanding that there was no confidentiality provision. Plaintiff cannot add this new term after the parties agreed on all the other material terms.

/ / /

Finally, Plaintiff's proposed agreement removed a comma from one of the provisions in the term sheet, fundamentally changing the meaning of the provision. Specifically, paragraph 7 of the signed term sheet reads as follows:

> "Kuipers agree that they will not challenge or oppose the Zox Brothers' offering and/or selling apparel and/or accessories (such as t-shirts, hoodies, stickers, etc.) in connection with the band, at the band's live performances or concerts, and/or through the zoxband.com website, including through Shopify, Zazzle, or another backend so long as such goods will not appear on the sourcing website's marketplace"

(highlighting and underline added for emphasis).

Plaintiff's proposed agreement has this provision as paragraph 11, but Plaintiff omitted the comma highlighted above. Plaintiff's removal of this comma changes the meaning of this provision. With the comma, Plaintiff cannot challenge Mr. Zox's sales of merchandise "in connection with the band, at live performances, or through the band's website." That was the agreement. When the comma is removed, the meaning of the provision is changed so that Plaintiff is precluded from challenging Mr. Zox's sales of merchandise only if Mr. Zox is selling at live shows or on the band's website. Again, Plaintiff cannot rewrite this material term.

## IV. CONCLUSION

It is undisputed that the term sheet is a binding agreement between the parties. Accordingly, the Court should only enforce terms that are in the term sheet and should reject Plaintiff's proposed long-form agreement and its many material changes from the term sheet.

/ / /

/ / /

/ / /

/ / /

In the alternative, this Court should enforce the provisions of the term sheet by referring this dispute to Judge Kim so that he can, as the parties agreed, resolve any disputes regarding the drafting of the long-form agreement.

Respectfully submitted,

Dated: April 4, 2022

By: /s/ Lauren Keller Katzenellenbogen

Michael K. Friedland
michael.friedland@knobbe.com
Lauren Keller Katzenellenbogen
lauren.katzenellenbogen@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main St., 14th Fl.
Irvine, CA 92614
(949) 760-0404

Attorneys for Defendants
John Zox, Daniel Zox, and Andrew Zox

55389462